Joan **BACASHIHUA,** Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

Appeal No. 86–1585.

United States Court of Appeals, Federal Circuit.

Feb. 18, 1987.

---

Joan Bacashihua, pro se.

Llewellyn M. Fischer, Acting General Counsel, Mary L. Jennings, Associate General Counsel for Litigation, Marsha E. Mouyal, Reviewer for Litigation and Barry G. Booker, Merit Systems Protection Board, Washington, D.C., for respondent.

Before RICH, NIES and BISSELL, Circuit Judges.

BISSELL, Circuit Judge.

This is an appeal from a final decision of the Merit Systems Protection Board (Board) in the case of *In the Matter of: Joan Bacashihua v. United States Postal Service*, 31 M.S.P.R. 40, dismissing the appeal of Ms. Bacashihua as being untimely filed. We affirm.

## BACKGROUND

On September 19, 1984, the United States Postal Service (agency) issued a notice proposing to remove Ms. Bacashihua for falsification of a sick leave request and consequently being absent from duty without leave. In response, Ms. Bacashihua on October 3, 1984, initiated Step 1 of the negotiated grievance-arbitration procedure (which ultimately led to binding arbitration), pursuant to the national agreement between the American Postal Workers Un-

ion and the agency. On October 11, 1984, the agency issued a letter of decision removing Ms. Bacashihua from her position, effective November 5, 1984 (Removal I). On March 5, 1985, the arbitrator issued a decision affirming Removal I.

During the pendency of the grievance-arbitration appeal, the agency issued on December 13, 1984, a second notice of proposed removal based upon subsequent incidents of alleged AWOL, and on December 31, 1984, a letter of decision removing Ms. Bacashihua from her position, effective January 27, 1985 (Removal II). Ms. Bacashihua appealed Removal II to the Board on February 1, 1985, Docket Number CH07528510224.

Because the arbitrator's decision affirmed Removal I, the agency cancelled its Removal II decision letter on April 8, 1985, and moved for dismissal of Ms. Bacashihua's appeal on the basis of mootness. In response to the agency's motion to dismiss, Ms. Bacashihua attempted to amend her appeal to include the grieved Removal I. She argued that the agency's letter of decision in Removal I misinformed her of the rights of a Postal Service preference eligible to both grieve that matter under the negotiated grievance-arbitration procedures and to appeal to the Board. Ms. Bacashihua maintained that the "misinformation" prevented her from filing a timely appeal of Removal I with the Board. The Board rejected Ms. Bacashihua's arguments and dismissed her Removal II appeal for mootness on May 29, 1985. No review of this decision was sought.

On September 27, 1985, Ms. Bacashihua filed a petition with the Board appealing Removal I on the ground that the agency had failed to give her proper notice of her dual appeal rights as a Postal Service preference eligible. Based upon the parties' submissions on the threshold issue of the timeliness of the Removal I appeal, the presiding official dismissed the appeal for failure to show good cause for waiver of the regulatory time limit. The full Board denied the petition for review and appeal to this court ensued.

## ANALYSIS

### I

█ Petitions for appeal to the Board must be filed within twenty (20) days after the effective date of the action appealed. 5 C.F.R. § 1201.22 (1985). The Board may, however, waive this time limit in an individual case upon a showing of good cause. 5 C.F.R. § 1201.12 (1985). Under 5 C.F.R. § 1201.56(a)(2) (1985), the petitioner has the burden of proof as to the timeliness of an appeal. Whether good cause exists is a matter committed to the discretion of the Board and this court will not reverse the Board's decision unless it is arbitrary or capricious. *Phillips v. United States Postal Serv.*, 695 F.2d 1389, 1390–91 (Fed.Cir. 1982).

### II

On this appeal Ms. Bacashihua contends that the presiding official incorrectly determined that the agency gave her the proper notice of her dual appeal rights and hence the failure of the presiding official to waive the time limits for her appeal constitutes an abuse of discretion. The October 11, 1984 notice of appeal rights stated: "If you appeal to the Merit Systems Protection Board, you thereby waive access to any procedures under the National Agreement beyond Step 3 of the Grievance-Arbitration procedures."

In response to the Board's show cause order on the issue of timeliness, Ms. Bacashihua's counsel stated:

Ms. Bacashihua's initial decision letter removing her from the Federal Service indicated that an appeal to the Merit Systems Protection Board waived access to procedures pursuant to the National Collective Bargaining Agreement. Indeed, that statement was false and improper.... [P]ostal service preference eligible employees ... may ... pursue both negotiated grievance procedures and Board appellate procedures. Accordingly, the appellate rights section of the decision letter given to Ms. Bacashihua

mislead [sic] her and negated her ability to claim appeal of the first removal to the Merit Systems Protection Board in accordance with the time limitations typically applied. Therefore, good cause has been shown by the Appellant and her petition should be considered as timely. Resp. App. at 44–45.

In support of this position, her counsel cited to the Board *Taylor v. United States Postal Service,* 26 M.S.P.R. 241 (1985) and *Hall v. United States Postal Service,* 26 M.S.P.R. 233 (1985). These cases were duly considered by the presiding official in reaching the decision to dismiss and, as opposed to supporting the position of Ms. Bacashihua, support the decision of dismissal.

The United States Code, Title 5, section 7121(e)(1) (1982) provides that "[m]atters covered under sections 4303 and 7512 of this title which also fall within the coverage of the negotiated grievance procedure may, in the discretion of the aggrieved employee, be raised either under the appellate procedures of section 7701 of this title or under the negotiated grievance procedure, but not both." In *Taylor* and *Hall,* upon remand from this court, the Board considered whether 5 U.S.C. § 7121 and its implementing regulation, 5 C.F.R. § 1201.-3(b)(1), applied to Postal Service preference eligibles.

The Board in *Hall* thoroughly reviewed the interrelationship of the provisions of the Postal Reorganization Act (PRA), Pub.L. No. 91–375, 84 Stat. 719 (1970), the Veterans Preference Act of 1944, ch. 287, 58 Stat. 387, and the Civil Service Reform Act of 1978, Pub.L. No. 95–454, 92 Stat. 1211, and the appeal rights of Postal Service employees. The Board correctly concluded that 5 U.S.C. § 7121 and its implementing regulation, 5 C.F.R. § 1201.3(b)(1) are not applicable to the Postal Service. *Hall,* 26 M.S.P.R. at 236.

■ The PRA established the Postal Service as an independent establishment of the executive branch with very limited application of federal employee law. *Bredehorst v. United States,* 677 F.2d 87, 88–89, 230 Ct.Cl. 399 (1982). Since the PRA was designed to bring postal labor relations within the same structure as that of the private sector, it provided that the provisions of the National Labor Relations Act, ch. 372, 49 Stat. 449 (1935), would apply, to the extent not inconsistent with the PRA, to the employee-management relations of the Postal Service. *Hall,* 26 M.S.P.R. at 235.

In this framework the Board concluded:

Thus, the PRA provided methods for the resolution of labor disputes which incorporated grievance-arbitration procedures as determined by collective bargaining agreements. Because certain rights were available to postal employees who were preference eligibles as defined by 5 U.S.C. § 2108(3) under the Veterans Preference Act of 1944, ch. 287, 58 Stat. 387, two types of adverse action procedures were created. *Bredehorst, id.* at 89. Under 39 U.S.C. § 1005(a)(1), non-preference eligible postal workers who are covered by a collective bargaining agreement, are limited to grievance procedures provided by the agreement. *Winston v. United States Postal Service,* 585 F.2d 198, 206 (7th Cir.1978). Preference eligibles, however, are granted the right to appeal adverse actions listed in 5 U.S.C. § 7511(2) to the Board under 5 U.S.C. § 7512. *Bredehorst, supra* at 89. The preference eligible Title 5 rights are not derived from the Civil Service Reform Act; rather they are based on the PRA and the Veterans Preference Act. Pursuant to 39 U.S.C. § 410(a), federal labor laws are not applicable to the Postal Service absent a specific provision in the PRA or other statute. We find that no provision of the PRA makes 5 U.S.C. § 7121 applicable to the Postal Service. Likewise, 5 U.S.C. § 7121 is not by its own terms applicable to the Postal Service. Section 7101(a)(3) of Title 5 defines "agency" for purposes of Chapter 71 of Title 5 as an "executive agency." The Postal Service is not an executive agency; it is an independent establishment of the executive branch. 39 U.S.C. § 201. *See* 5 U.S.C. §§ 104–105. Thus,

we find that 5 U.S.C. § 7121 and its implementing regulation, 5 C.F.R. § 1201.-3(b)(1), are not applicable to the Postal Service.

*Id.* at 235–36 (footnotes omitted).

 Since 5 U.S.C. § 7121 and its implementing regulation are not applicable to the Postal Service, preference eligible employees in the Postal Service have both the right to appeal to the Board and to invoke the grievance procedures provided by the collective bargaining agreement specified in 39 U.S.C. § 1206(b) (1982). *See Hall,* 26 M.S.P.R. at 236. Although, the right of preference eligibles to appeal to the Board cannot be limited by the collective bargaining agreement, it may provide that once an appeal to the Board is initiated, the right to elect the grievance procedure is waived. *See Malone v. United States Postal Serv.,* 526 F.2d 1099, 1103, 1105 (6th Cir.1975).

 In *Hall,* the Board specifically noted that the national agreement between the agency and the American Postal Workers Union, Ms. Bacashihua's bargaining representative, provides in Section 9 of Article 16, that if an employee appeals pursuant to procedures set forth in the Veterans Preference Act, the employee waives access to any procedure under the collective bargaining agreement beyond step 3 of the grievance-arbitration procedure. *Hall,* 26 M.S.P.R. at 236, n. 7.

Ms. Bacashihua relied upon *Hall,* but provided no evidence before the Board to show that the provisions of the national agreement in effect at the time of Removal I differed in any material respect from those cited in *Hall.* The presiding official found that Ms. Bacashihua

> failed to demonstrate by sufficient allegations of fact or argument that the quoted sentence from the agency's October 11, 1984 decision letter constituted misinformation concerning her grievance rights under the National Agreement which interefered [sic] with or "negated her ability" to file an appeal with the

Board as is asserted in counsel's brief in support of her waiver request.

Resp. App. at 3.

The presiding official further found that the agency properly advised Ms. Bacashihua of her dual appeal rights.

A review of the record discloses no circumstances beyond her control which affected Ms. Bacashihua's ability to comply with the filing time limit. It is abundantly clear, as the presiding official found, that her failure to file her appeal within the 20 day period following Removal I was based solely upon her decision to pursue her contractual grievance beyond step 3 to arbitration.

### III

 Ms. Bacashihua further maintains that the Board should have automatically waived her late filing in the absence of a showing by the agency of substantial prejudice to it caused by her delayed filing. This court has recognized that the agency is required to submit evidence that the untimely appeal would prejudice it only if the petitioner initially shows that there was good cause for the delay in filing the appeal. *Womack v. Merit Sys. Protection Bd.,* 798 F.2d 453, 456 (Fed.Cir.1986). Only if an employee gives a reasonable excuse for the delay will prejudice to the agency become significant. *See Ceja v. United States,* 710 F.2d 812, 814 (Fed.Cir.1983) (after employee presents undisputed evidence of reasonable excuse for delay in filing an appeal, agency has burden of offering evidence of prejudice). Hence, the presiding official correctly concluded that since Ms. Bacashihua failed to provide a reasonable excuse for her delay in filing the Removal I appeal, it was unnecessary to address the questions of any potential prejudice to the agency caused by the delayed filing.

### CONCLUSION

Because Ms. Bacashihua failed to meet her burden of establishing good cause for her untimely appeal of Removal I to the Board, she has likewise failed to show that

the Board's decision was arbitrary, an abuse of discretion, or otherwise not in accordance with law. *See* 5 U.S.C. § 7703(c) (1982); *Phillips* at 1390.

AFFIRMED.