824 F.2d 978
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Layton E. NABORS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 Appeal No. 87-3121.
 United States Court of Appeals, Federal Circuit.
 May 12, 1987.
 
 Before MARKEY, Chief Judge, and DAVIS and NEWMAN, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The Merit Systems Protection Board (MSPB or Board), dismissed petitioner's appeal for lack of jurisdiction because it was untimely filed, and good cause was not shown for waiver of time limitations. We affirm.
 
 OPINION
 
 2
 Petitioner Layton E. Nabors was removed from his position as Distribution Clerk for the United States Postal Service (Postal Service) effective June 7, 1985 for dishonest conduct.
 
 
 3
 On May 9, 1985 the Postal Service issued a letter to petitioner informing him that he would be removed from employment effective June 24, 1985. The Service subsequently cancelled the May 9, 1985 letter and issued a new letter dated May 23, 1985, changing the effective date of petitioner's removal to June 7, 1985. He was placed on a non-duty, non-pay status beginning June 7, 1985.
 
 
 4
 Prior to his effective removal date petitioner challenged his proposed removal in accordance with the grievance/arbitration procedures then in effect. With a union grievance still pending, Mr. Nabors decided instead to pursue his appeal rights through the MSPB and informed the Board of this decision by letter dated June 27, 1985. However, by letter dated June 28, 1985, petitioner informed the Board that he had decided to continue his appeal through the arbitration procedures and notified the Board that he was waiving his right of appeal to the MSPB. On July 3, 1985, therefore, the Board dismissed petitioner's appeal. On August 20, 1985, the agency and union agreed to a pre-arbitration settlement and petitioner was given the opportunity to resign voluntarily. Appellant chose not to take advantage of that opportunity and instead filed a discrimination complaint with the agency on October 24, 1985. The agency rejected this complaint as untimely on December 9, 1985.
 
 
 5
 Mr. Nabors then sent a letter postmarked December 26, 1985 again appealing the removal decision to the MSPB. The presiding official dismissed Mr. Nabor's petition as not within the Board's appellate jurisdiction. On review by the full Board, the Board affirmed on the sole basis that petitioner had not filed an appeal until 6 months after his removal, long after the 20-day deadline provided by 5 C.F.R. Sec. 1201.22 (1985). The Board also concluded that petitioner had failed to establish a good cause for delay. The Board rejected appellant's contention that his petition for appeal should have been accepted as a timely filed "mixed case" under 5 C.F.R. 1201.154(a)(1) because the discrimination case had also been dismissed as untimely. Petitioner appears pro se before this court.
 
 
 6
 Petitioner asks that we compel the MSPB to hear his appeal. As a preference eligible employee of the Postal Service, petitioner could have pursued his employment rights through an appeal to the Board. Bacashihua v. Merit Sys. Protection Bd., 811 F.2d 1498, 1502 (Fed.Cir.1987). The full Board found, however, that Mr. Nabors had lost his rights to appeal to the Board because he initiated his appeal long after the 20-day limitation period had expired.[1] Although the Board, in its discretion, can entertain untimely appeals if good cause is shown, the Board here found that Mr. Nabors had failed to establish good cause for waiver of the appeal rights. See 5 C.F.R. Sec. 1201.12 (1985); Alonzo v. Department of the Air Force, 4 MSPB 262, 264 (1980). Petitioner argues that the Board should have waived the time limitations for appeal because he lacked sufficient information to pursue his rights. The full Board specifically considered and rejected this argument in denying Mr. Nabors' a waiver, and that decision is consistent with an opinion of this court. See Duncan v. Merit Sys. Protection Bd., 795 F.2d 1000, 1002-03 (Fed.Cir.1986). The Board has discretion to determine whether good cause exists for a waiver, and this court will not substitute its own judgment and overturn the Board's decision unless it is arbitrary, an abuse of discretion or otherwise not in accordance with the law. 5 U.S.C. Sec. 7703(c); Phillips v. United States Postal Serv., 695 F.2d 1389, 1390-91 (Fed.Cir.1982). In this instance the Board's decision was not arbitrary, an abuse of discretion or otherwise not in accordance with the law on this issue.
 
 
 7
 The record fails to disclose any circumstance that affected petitioner's ability to comply with the filing deadline for appeal to the MSPB. Rather, Mr. Nabors elected not to file an appeal with the Board so he could pursue his grievance through arbitration and then waited until that channel resulted in a solution unsatisfactory to him. The MSPB could properly hold that course insufficient.
 
 
 
 [1]
 We do not reach the question of whether petitioner could have pursued his rights to appeal through both arbitration and an appeal to the MSPB if he had filed a timely appeal to the Board. This court has made it clear, however, that while preference eligible employees of the Postal Service can appeal to the Board or invoke grievance procedures, the collective bargaining agreement may provide that an employee who appeals to the Board waives the right to elect the grievance procedure. Bacashihua, 811 F.2d at 1502