833 F.2d 1023
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Armando A. JARDINE, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 87-3157.
 United States Court of Appeals, Federal Circuit.
 Oct. 13, 1987.
 
 Before EDWARD S. SMITH, NIES and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The initial decision of the Merit Systems Protection Board (board), which decision became final on December 23, 1986, docket No. NY07528610439, dismissing as untimely the appeal by Armando A. Jardine (Jardine) of his removal by the United States Postal Service (agency) from his position as a distribution clerk, is affirmed.
 
 OPINION
 
 2
 A petition for appeal to the board from an agency action is subject to the requirement that the appeal be filed with the board no later than 20 days from the effective date of the adverse action. 5 C.F.R. Sec. 1201.22(b) (1987). The board has the discretion to waive the 20-day time limit upon its determination that good cause exists for the late filing, id. Sec. 1201.22(c); however, the burden of establishing good cause rests with the appellant. Id. Sec. 1201.56(a)(2). Here, the board determined that good cause did not exist to excuse Jardine's late filing of his appeal; accordingly, the board dismissed the appeal.
 
 
 3
 Our review of the determination by the board that good cause did not exist to excuse the late filing of Jardine's appeal is limited. This court's role is not to conduct a de novo appraisal; rather, we only address whether the board exercised its discretion in an arbitrary or capricious manner. See Bacashihua v. Merit Systems Protection Board, 811 F.2d 1498, 1500 (Fed.Cir.1987).
 
 
 4
 Jardine submits to us that the board abused its discretion by determining that good cause did not exist to excuse the late filing of his appeal. As grounds for his assertion, Jardine contends that the following circumstances affected his ability to timely file his appeal: the relapse of severe mental and physical stress due to the after-effects of medication taken over a period of time; the lack of funds due to unemployment; the lack of proper representation; and, the ejection of Jardine from his home by his wife and the absence of his wife during the period from June 18, 1986, to June 23, 1986. We are not persuaded.
 
 
 5
 Jardine has not presented us with grounds to disturb the board's determination. No reason has been offered to us by Jardine as to how these circumstances thwarted Jardine's ability to timely file his appeal. Although it might have been concluded differently on the issue whether good cause existed in view of the circumstances cited by Jardine, we cannot conclude that the board abused its discretion by determining that good cause did not exist to excuse Jardine's filing late of his appeal.
 
 
 6
 In addition, Jardine argues that the board erred in determining that good cause did not exist to excuse the late filing of his appeal because the board failed to consider the entire case file of the agency, including medical evidence from the Veterans Administration hospital. Jardine's contention is based upon the board's failure to mention this evidence in its initial decision. We see no merit in this argument. After a thorough review of the record before us, including the medical evidence allegedly not considered by the board, we must conclude that the board did not abuse its discretion in determining that good cause did not exist to excuse Jardine's late filing. See Phillips v. United States Postal Service, 695 F.2d 1389, 1390-91 (Fed.Cir.1982).