884 F.2d 1398
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Edward J. DUNFORD, Petitioner,
v.
DEPARTMENT of the TREASURY, Respondent.
 No. 89-3097.
 United States Court of Appeals, Federal Circuit.
 Aug. 8, 1989.
 
 Before MARKEY, Chief Judge, COWEN, Senior Circuit Judge, and NEWMAN, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Edward Dunford petitions for review of a decision of the Merit Systems Protection Board (MSPB or board), Docket No. BN07528810129. His appeal from the termination of his employment by the United States Customs Service was dismissed by the board for lack of jurisdiction. We affirm.
 
 OPINION
 
 2
 The board determined that it lacked jurisdiction over Mr. Dunford's appeal because, as a reemployed annuitant, he served at the will of his appointing authority. See 5 U.S.C. Sec. 3323(b)(1)(Supp. V 1987). Mr. Dunford attempted to avoid classification as a reemployed annuitant by arguing that his initial retirement on September 3, 1985, was involuntary. In a pre-retirement counseling session, he was told that if he was rehired by the Customs Service within one year of his retirement, his status would be that of a reinstated employee with the same tenure and benefits he had when he retired. However, the board correctly held that he made an informed choice when he retired.
 
 
 3
 He does not argue that he had a right to require the Customs Service to rehire him or even that anyone at the Customs Service had promised that he would be rehired. We agree with the board that a reasonable person in Mr. Dunford's position would not have been led to make a decision to retire based solely upon information concerning his reemployment status when the reemployment itself was only a possibility. See Covington v. Department of Health and Human Servs., 750 F.2d 937, 942 (Fed.Cir.1984).
 
 
 4
 The board also held that, even if it had found that Mr. Dunford's retirement was involuntary, the appeal would be dismissed because it was untimely. He was reemployed on December 22, 1985, and filed his appeal on May 11, 1988, more than two years after the effective date of the agency action. Mr. Dunford admits that within a short time after his reemployment in December of 1985, he knew that he could appeal the issue of his voluntary retirement, because his attorney then advised him that the agency was correct in informing him that he would be carried as a reemployed annuitant, unless he could show that his retirement was not voluntary. Therefore, Mr. Dunford's right to appeal expired long before he filed the appeal even if the time for appeal is deemed to run from the date in December of 1985.
 
 
 5
 Finally, Mr. Dunford argues that the board erred by failing to waive the 20-day time limit for filing his appeal, because of statements made to him by two of his superiors which discouraged him from filing the appeal and amounted to a clear inference that his job would be threatened as a result of the appeal. However, the board found that the statements made to Mr. Dunford by his superiors could not be interpreted as threats, but were merely advice which he received after seeking the counsel of the superiors. The board also found that Mr. Dunford failed to appeal after one of the superiors left his position and after it had become apparent that Mr. Dunford's employment status would not be changed by the Customs Service. These findings are supported by substantial evidence. Whether good cause exists in a particular case for waiver of the time limit for filing an appeal, is a matter which is committed to the discretion of the board. Bacashihua v. MSPB, 811 F.2d 1498, 1500 (Fed.Cir.1987). We have reviewed the evidence relied on by the board, and have concluded that its decision on the untimely appeal is neither arbitrary nor capricious. Accordingly, we find no grounds for reversal of the board's decision.