935 F.2d 279
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Eugene E. BAXTER, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 91-3019.
 United States Court of Appeals, Federal Circuit.
 May 6, 1991.
Rehearing Denied July 2, 1991.
 
 Before ARCHER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 DECISION
 CLEVENGER, Circuit Judge.
 
 
 1
 Eugene E. Baxter ("Baxter") petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed his two consolidated appeals contesting both his separation during a reduction-in-force ("RIF") in 1986 and the failure of the Department of the Army ("agency") to list him for two years on a reemployment priority list ("RPL"). The Board affirmed the Administrative Judge ("AJ") in dismissing his first appeal for untimeliness. The Board modified the decision on the second appeal by holding that Baxter had failed to present a cognizable claim because he had failed to demonstrate sufficient evidence of harm from the agency's error. Baxter v. Dep't of the Army, Nos. PH03518810561, PH03308810562, Opinion and Order (M.S.P.B. Sept. 5, 1990) ("Final Decision") modifying Initial Decision (Dec. 16, 1988) ("Initial Decision"). We affirm the Board's decision that Baxter's first appeal was untimely, but vacate and remand the second appeal for discovery and hearing on the merits of Baxter's contention that he was harmed by the agency's failure to comply with 5 C.F.R. Sec. 351.1004(a) (1988).
 
 OPINION
 
 2
 * Baxter was separated from a career-competitive position with the Federal service effective December 5, 1986 during a RIF. Initial Decision at 1. Baxter filed a letter of complaint with the local Equal Employment Opportunity ("EEO") office on December 2. Under 5 C.F.R. Sec. 1201.154(a)(2) (1986), when an appellant has filed a "timely formal complaint of discrimination" and there has been no action on the formal complaint within 120 days, the "appellant shall nonetheless file an appeal to the Board within a year after filing of the formal complaint." Baxter concedes that he never filed a formal complaint of discrimination.
 
 
 3
 In an appeal to the Board filed on September 12, 1988, Baxter contested both his RIF separation and the agency's failure to maintain him on the RPL. The AJ ordered Baxter to explain his apparent untimeliness. Initial Decision at 1. Furthermore, the AJ noted the failure to continue him on the agency's RPL might not be within the Board's jurisdiction standing alone. Baxter variously responded to the timeliness question by stating that his papers were stolen in a car theft in December 1986, that he had been ill, that he waited over a year for a response to his letter to the EEO, that mail arrived late, that he had family and financial problems, that he thought he had been offered another job, and that he was not aware of the possibility of, or time-limits on, his appeal. Baxter also claimed that the Board had jurisdiction over "[e]mployment of another applicant when Appellant is entitled to priority employment consideration after a RIF." To that end, Baxter cited 5 C.F.R. Sec. 1201.3(a)(13) (1988), which states, in pertinent part:
 
 
 4
 (a) Appellate jurisdiction generally. The Board has jurisdiction over appeals from agency actions when the appeal is authorized by law, rule, or regulation. This appellate jurisdiction includes:
 
 
 5
 * * *
 
 
 6
 * * *
 
 
 7
 (13) Employment of another applicant when an appellant is entitled to priority employment consideration after reduction in force or partial or full recovery from a compensable injury.
 
 
 8
 On October 7, Baxter filed discovery requests to which the agency did not respond. On November 6, Baxter then filed a motion to compel discovery and a further request for the names and addresses of relevant agency personnel, including Major Gore, so that he could "take statements, admissions, [ ] etc. related to this appeal." Baxter also moved for extra time and submitted requests for witnesses to be heard at a hearing originally scheduled for December 12. Initial Decision at 2 n. *. On December 18, after cancellation of the hearing and before completion of discovery, the AJ dismissed the entirety of Baxter's appeal. The AJ found that Baxter had not established good cause for his untimeliness. Furthermore, the AJ held that neither 5 C.F.R. Secs. 330.202 nor 1201.3 provided subject matter jurisdiction over a protest of "the agency's removal of his name from its priority reemployment list after one year." Id. at 5.
 
 II
 
 9
 Baxter petitioned the Board for review. Baxter contended that the AJ had misread 5 C.F.R. Secs. 1201.154(a)(2) (on timeliness) and 330.202 (on jurisdiction). Furthermore, he contended that the AJ had failed to "properly preside over the development of a record." Baxter stated that the Board had subject matter jurisdiction over "[d]enial of reemployment/restoration priority rights because of the employment of another person." He cited 5 C.F.R. Sec. 330.202 (1988), which reads:
 
 
 10
 An employee or former employee who thinks his or her reemployment priority rights under this subpart have been violated is entitled to appeal to the Merit Systems Protection Board under the provisions of the Board's regulations by presenting factual information that he or she was denied restoration rights because of the employment of another person.
 
 
 11
 The Board specifically addressed Baxter's contention that 5 C.F.R. Sec. 1201.154(a)(2) tolled the time for filing a complaint with the Board. The Board noted that in the absence of "filing of a formal discrimination complaint" the tolling features were inoperative. Final Decision at 5. Therefore, the Board held that it must look to its standards for demonstrating that "a good reason for the delay is shown," under 5 C.F.R. Sec. 1201.22(b) (1990). Id. at 6. The Board held that, "in light of the length of the delay," it could not excuse his actions because Baxter did not demonstrate ordinary prudence in waiting nearly two years for an EEO response. Id. at 7 (citing Alonzo v. Dep't of the Air Force, 4 M.S.P.R. 180, 184 (1980)); see also Phillips v. U.S. Postal Serv., 695 F.2d 1389, 1391 (Fed.Cir.1982) ("delay was excusable under the circumstances where diligence or ordinary prudence had been exercised").
 
 
 12
 On the RPL issue, the Board held that the agency had in fact erred in not following regulations that required maintaining Baxter's name on the RPL for two years. Final Decision at 8 (citing 5 C.F.R. Secs. 351.1001, 1002, 1004(a) (1986)). These regulations require each agency to establish and maintain a RPL for former employees like Baxter. Specifically, 5 C.F.R. Sec. 351.1004(a) (1986) requires that, in pertinent part:
 
 
 13
 The name of a group I employee remains on the reemployment priority list for 2 years.
 
 
 14
 Nonetheless, the Board concluded that 5 C.F.R. Sec. 330.202 (1988) only provided that an employee or former employee was entitled to an appeal to the Board if he presented factual information that he was denied restoration rights because of the employment of another person. Final Decision at 10. Therefore, sua sponte, the Board held that Baxter had not demonstrated that another person had been hired in a position that would have rightfully been his. The Board stated that "only harmful agency error provides a [statutory] basis for reversal of the agency's action," id. at 8 (citing 5 U.S.C. Sec. 7701(c)(2)(A)), and that Baxter bore the burden of demonstrating that the error "caused substantial prejudice to his substantive rights." Id. (citing 5 C.F.R. Secs. 1201.56(a)(2)(iii), (b)(1), (c)(3)).
 
 
 15
 With regard to Baxter's contention that the AJ had not permitted the development of a record, the Board stated that Baxter had failed "to identify such evidence with specificity or explain how that evidence would enable him to meet his burdens of proof on the timeliness and jurisdiction." Id. at 9.
 
 III
 
 16
 Baxter reiterates his arguments here that the delay in filing his RIF appeal was occasioned by his being "misled by the EEO office into believing there was nothing he could do" and that he "was informed that an appeal could not be made if a complaint had been filed with the EEO." Furthermore, he contends that 5 C.F.R. Sec. 1201.154(a)(2) provides that he may file an appeal to the Board "at anytime after the expiration of 120 days." Baxter's citation is to Sec. 1201.154(b)(2) as promulgated for 1990, which does provide for filing of a Board appeal "at any time after the expiration of 120 calendar days" but only after the filing of a "timely formal complaint of discrimination." 5 C.F.R. Sec. 1201.154(b) (1990). The section in force at the time of Baxter's letter to the local EEO required a filing within one year if no response from the agency was obtained, but Baxter waited 21 months. Second, Baxter never filed a "formal" complaint and therefore, as held by the Board, the cited section is inapplicable.
 
 
 17
 We agree, therefore, that the Board was then required to look to whether Baxter had demonstrated good reason for his delay. We will not disturb the Board's decision that good cause does not exist to waive its requirement that petitions for appeal must be filed within 20 days of the effective date of a separation, 5 C.F.R. Sec. 1201.22(b) (1990), unless that decision is arbitrary or capricious. Bacashihua v. M.S.P.B., 811 F.2d 1498, 1500 (Fed.Cir.1987). The length of time involved precludes reliance upon the assertion that he was passively misled by complete inaction on the part of EEO. We affirm the dismissal of Baxter's appeal of his separation through a reduction-in-force as untimely.
 
 IV
 
 18
 Throughout his RPL appeal, Baxter has contended that jurisdiction was proper because of "[e]mployment of another applicant when Appellant is entitled to priority employment consideration." Baxter has also continuously argued that, without discovery, he is unable to substantiate his contentions with regard to the denial of his reemployment rights. Upon information and belief, Baxter, in the nature of an offer of proof, avers that the position vacated by Dr. Levinson was filled by transfer of an employee (Dr. Pekari) over whom Baxter had both bumping (assignment) and reemployment rights. Baxter alleges that he was told this by a personnel officer, Ms. Bonado, and the comptroller, Major Gore, and intended to substantiate the allegations if questions 11 and 12 of his discovery request had been accurately answered, or had discovery been compelled or access to the agency permitted. Baxter also contends that Dr. Kordis's vacancy was filled by Dr. Istafanous. Baxter avers that he was told by the latter's wife and Major Gore that Dr. Istafanous had accepted an offer of a position as a public health officer at Pickatinny Arsenal for retention before Dr. Kordis's resignation. Thus, according to Baxter, Dr. Istafanous should have been removed from the RPL pursuant to 5 C.F.R. Sec. 351.1004(c)(1) (1988). He therefore would not have been eligible for transfer back to the agency before Baxter's reemployment.
 
 
 19
 The AJ held that the Board did not have jurisdiction over an RPL dispute. In light of that determination, the AJ declined to compel the agency to provide the evidence or the witnesses that Baxter requested to substantiate his contentions, including the assertion that he would have been hired over others but for the agency's failure to comply with 5 C.F.R. Sec. 351.1004(a). The Board effectively reversed the AJ's ruling that 5 C.F.R. Sec. 351.202 could never provide jurisdiction over a failure to comply with the listing regulation. However, sua sponte, the Board raised the issue of the sufficiency of Baxter's prima facie case. As we read the initial decision, the AJ never closed the presentation of evidence because of his threshold jurisdictional ruling. The Board therefore erred in failing to remand the case to the AJ for the submission of further evidence once it held that the AJ had erred in construing 5 C.F.R. Sec. 330.202 (1988).
 
 
 20
 We vacate and remand for further proceedings which should address the specific questions raised by Baxter with regard to the alleged improper hiring of another. As a preliminary matter, the Board must decide whether Baxter's contentions with regard to the hiring of another for the Kordis position constituted a denial of Baxter's restoration rights under Sec. 330.202 (1988) or whether such hiring constituted an improper retention under the RIF, which would be time-barred. If not time-barred, the Board must determine whether Baxter properly had priority reemployment rights over Dr. Istafanous because the latter had accepted another position, making him ineligible for the RPL under 5 C.F.R. Sec. 351.1004(c)(1) (1988). In any event, the Board must determine whether the hiring of another for the Levinson position constituted a denial of Baxter's restoration rights under Sec. 330.202 (1988). Before reaching the foregoing determinations, Baxter's discovery requests relating thereto must receive full compliance.
 
 V
 
 21
 No costs.