5 F.3d 1505
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Robert A. ROBINSON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3222.
 United States Court of Appeals, Federal Circuit.
 Aug. 10, 1993.
 
 Before MAYER, RADER, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert A. Robinson petitions for review of the January 29, 1993 decision of the Merit Systems Protection Board (Board) in Docket No. PH0831E890293-I-1, dismissing as untimely filed his petition for review of a June 29, 1989 initial decision. We affirm.
 
 DISCUSSION
 
 2
 * On June 29, 1989, following a hearing, an administrative judge (AJ) issued an initial decision affirming the decision of the Office of Personnel Management (OPM) denying Mr. Robinson's claim for disability retirement benefits under the Civil Service Retirement System. On July 26, 1989, Mr. Robinson mailed to the Board a timely petition for review of the initial decision. However, the petition was deficient in that it failed to meet various requirements relating to service on OPM. Therefore, on August 7, 1989, the Board issued a notice and returned the petition to Mr. Robinson, advising him that: "If you want the Board to consider your petition for review, you must return it, with all deficiencies corrected, within 15 days of the date of this notice.... If your petition is not timely refiled and you do not show good cause for your delay, or if you do not refile your petition, the initial decision is the final decision of the board. Any further right of appeal must be pursued in accordance with the instructions in that initial decision."
 
 
 3
 On November 4, 1992, Mr. Robinson filed a petition for review, asserting that he had refiled during the time allowed. The Board responded on November 10, 1992, that the petition would be dismissed unless Mr. Robinson provided an affidavit showing good cause for the late filing, citing 5 C.F.R. Sec. 1201.114(f). On November 20, 1992, the Board received a response from Mr. Robinson in which he repeated that he had refiled, "but somehow things got crossed up." On January 29, 1993, the Board issued its decision dismissing Mr. Robinson's petition for review as untimely filed, finding that his assertions that he had in fact refiled a timely petition, absent other evidence or Board records, constituted insufficient evidence that there had in fact been a filing. The Board then considered whether there were grounds to waive the timeliness requirement, and held that even assuming that Mr. Robinson was under stress, that did not establish good cause for waiving the requirement. The Board also found that Mr. Robinson had not acted with diligence or ordinary prudence.
 
 II
 
 4
 We review the decisions of the MSPB under a very narrow standard, affirming unless the decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). See also Bacashihua v. Merit Systems Protection Bd., 811 F.2d 1498, 1500 (Fed.Cir.1987).
 
 
 5
 We cannot say that the Board's finding that Mr. Robinson did not refile a timely petition for review is unsupported by substantial evidence. Mr. Robinson presented no evidence other than his statements that he timely refiled.
 
 
 6
 Where a petition for review is untimely filed, the burden is on the petitioner to show some good cause for the delay, and that he or she exercised diligence or ordinary prudence. Phillips v. United States Postal Serv., 695 F.2d 1389 (Fed.Cir.1982). Whether the timeliness requirement of 5 C.F.R. Sec. 1201(22)(b) should be waived for good cause is a decision within the Board's discretion; this court will not substitute its own judgment for the Board's. Mendoza v. Merit Systems Protection Bd., 966 F.2d 650 (Fed.Cir.1992) (en banc). Here, the Board concluded that Mr. Robinson's statements that he was under emotional stress and might have misunderstood the Board's instructions did not make out a case of good cause for the delay. We cannot say that conclusion was an abuse of discretion.