11 F.3d 1071
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Wesley J. JACKSON, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3316.
 United States Court of Appeals, Federal Circuit.
 Oct. 21, 1993.
 
 Before MICHEL, Circuit Judge, SMITH, Senior Circuit Judge, and PLAGER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Wesley J. Jackson appeals the decision of the Merit Systems Protection Board (MSPB), Docket Number DA0752930079-I-1, dismissing his appeal as untimely filed.[1] We affirm.
 
 BACKGROUND
 
 2
 The United States Postal Service (agency) removed petitioner from his mailhandler position on February 25, 1992 for unsatisfactory attendance and failure to follow rules and regulations regarding leave requests. The agency's decision letter, dated February 18, 1992, informed petitioner of his removal and notified him of the 20-day time limit in which to file an appeal with the MSPB.
 
 
 3
 Instead of immediately appealing his removal to the MSPB petitioner first filed a grievance through the agency's negotiated collective bargaining procedure, ultimately taking his case to arbitration. The arbitrator issued a decision on September 29, 1992 denying petitioner's grievance.
 
 
 4
 On October 16, 1992 petitioner filed an appeal challenging his removal from his agency position and requesting the MSPB to review the arbitrator's decision. The MSPB issued an Acknowledgment Order informing petitioner that he had not timely filed his appeal and ordering him to submit evidence showing good cause existed for the delay; the 20-day time limit for filing pursuant to 5 C.F.R. Sec. 1201.22(b) had expired on March 16, 1992, seven months before petitioner filed. Petitioner offered no evidence of good cause, but instead insisted on his right to appeal.
 
 
 5
 On January 15, 1993 the AJ issued an initial decision dismissing petitioner's appeal as untimely filed. The MSPB affirmed the AJ's decision as modified by a separate opinion and order dated April 12, 1993.
 
 DISCUSSION
 
 6
 Petitioner argues that pursuant to 5 C.F.R. Sec. 1201.154(d)[2] he timely filed his appeal of the arbitrator's decision to the MSPB; since his complaint alleged prohibited discrimination he had 25 days to file an appeal of the arbitrator's decision with the MSPB. Id.[3] Petitioner's reliance on 5 C.F.R. Sec. 1201.154(d), however, is incorrect. 5 U.S.C. Sec. 7121(d) and its implementing regulation, 5 C.F.R. Sec. 1201.154(d), are not applicable to Postal Service employees,[4] and therefore, the MSPB reviews Postal Service arbitration decisions within the context of a timely appeal under 5 C.F.R. Sec. 1201.22(b). Id.
 
 
 7
 5 C.F.R. Sec. 1201.22(b) (1993) states that petitions for appeal to the MSPB must be filed within 20 days from the agency's effective date of action. The MSPB, however, can waive this 20 day time limit if the employee shows good cause for the delay. 5 C.F.R. Sec. 1201.22(c) (1993).
 
 
 8
 The record indicates that petitioner did not timely file his appeal under 5 C.F.R. Sec. 1201.22(b); he filed approximately seven months late. Furthermore, the MSPB found that, based on the factors in Alonzo v. Department of the Air Force, 4 M.S.P.R. 180 (1980),[5] petitioner did not show good cause for his delay. Specifically, the MSPB determined that petitioner's grievance action did not constitute a showing of good cause for a delay in filing. See Lewis v. United States Postal Serv., 47 M.S.P.R. 228 (1991). As the Board stated at page 4 of its decision "... Postal Service employees ... may file both a grievance and a Board appeal at the same time." Indeed the AJ found at page 4 of his decision that the agency's decision notice "correctly informed him of the time limit and procedures for filing [an] appeal to the Board." The notice in fact advised "you have right to file an MSPB appeal and a grievance on the same matter." A-20. Therefore, the MSPB dismissed petitioner's appeal as untimely.
 
 
 9
 We conclude that the MSPB dismissal of petitioner's appeal as untimely filed is supported by substantial evidence, is not arbitrary, capricious, an abuse of discretion, or contrary to any law, rule or regulation. 5 U.S.C. Sec. 7703(c). Therefore, it is affirmed.
 
 
 
 [1]
 The Administrative Judge (AJ) issued an initial decision on January 15, 1993. The MSPB affirmed the AJ's decision as modified in a separate opinion and order dated April 12, 1993
 
 
 [2]
 5 C.F.R. Sec. 1201.154(d) (1993) implements 5 U.S.C. Sec. 7121(d) (1988), which allows aggrieved employees who allege prohibited discrimination to either appeal to the MSPB or pursue a negotiated grievance procedure. In addition, 5 U.S.C. Sec. 7121(d) preserves an employee's right to appeal arbitration decisions to the MSPB when such prohibited discrimination is alleged
 
 
 [3]
 The pertinent part of 5 C.F.R. Sec. 1201.154(d) states "If the appellant has filed a grievance with the agency under its negotiated grievance procedure in accordance with 5 U.S.C. 7121, he or she may ask the Board to review the final decision under 5 U.S.C. 7702 within 25 days of the date of issuance of that decision."
 
 
 [4]
 Bacashihua v. Merit Sys. Protection Bd., 811 F.2d 1498, 1502 (Fed.Cir.1987); Lucas v. United States Postal Serv., 39 M.S.P.R. 459, 461 (1989)
 
 
 [5]
 Factors which are considered include, but are not limited to, the following: (1) length of delay; (2) whether the employee was notified or aware of the time limit; (3) the existence of circumstances beyond control of the employee which affected his ability to comply with the time limit; (4) degree of employee's negligence; (5) extent to which the employee's neglect is excusable; and (6) the extent of prejudice to the agency as a result of waiving the time limit