16 F.3d 420
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Victor I. BROWN, Petitioner,
v.
DEPARTMENT OF THE NAVY, Respondent.
 No. 93-3370.
 United States Court of Appeals, Federal Circuit.
 Dec. 3, 1993.
 
 Before PLAGER and SCHALL, Circuit Judges, and PRATT, Senior Circuit Judge.*
 PER CURIAM.
 
 DECISION
 
 1
 Victor I. Brown petitions for review of the January 19, 1993 decision of the administrative judge (AJ) in Merit Systems Protection Board (Board) Docket No. DC0752930021-I-1. The AJ's decision became the final decision of the Board when Mr. Brown's petition for review was denied on May 13, 1993. In her decision, the AJ sustained the action of the Department of the Navy (Agency) removing Mr. Brown from his position of Management Analyst for (1) sexual harassment and (2) disrespectful conduct. We affirm.
 
 DISCUSSION
 
 2
 We review decisions of the Board under a very narrow standard, affirming unless the decision is
 
 
 3
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law;
 
 
 4
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 5
 (3) unsupported by substantial evidence.
 
 
 6
 5 U.S.C. Sec. 7703(c) (1988); Bacashihua v. Merit Systems Protection Board, 811 F.2d 1498, 1500 (Fed.Cir.1987).
 
 
 7
 Mr. Brown's contention that the AJ's decision is not supported by substantial evidence is without merit. With respect to the sexual harassment charge, the AJ determined that the Agency had satisfied its burden of establishing by preponderant evidence that Mr. Brown's "conduct was sufficiently severe or pervasive to create an abusive working environment." The AJ relied on four separate complaints filed by female employees alleging various objectionable acts by Mr. Brown, including staring at their anatomy, remarking on physical appearance, and engaging in unwanted physical contact. In each instance, the complaining employee indicated that Mr. Brown's actions were offensive and discomforting. In finding the complaining employees' statements more credible than Mr. Brown's denials of the charged misconduct and his denials of intent to harass, the AJ relied on various inconsistent statements of Mr. Brown, as well as various intemperate and sexually-oriented statements made by Mr. Brown in past correspondence. Further, the AJ relied on written accounts of two separate counseling sessions, along with a written admission by Mr. Brown, to establish that Mr. Brown had been warned by Agency officials on at least three occasions that the kind of conduct that led to the charges against him was unacceptable and should be discontinued.
 
 
 8
 In affirming the disrespectful conduct charges, the AJ relied on a letter to Mr. Brown's superior, admittedly written by Mr. Brown, making several inappropriate remarks of a sexual nature, and further accusing the recipient of lying in connection with an investigation. The AJ noted that Mr. Brown's own statements revealed that he had no reliable basis for asserting that his superior had lied. Further, the AJ found unpersuasive Mr. Brown's attempts to explain away the offensive remarks contained in the letter. On the basis of these findings, the AJ concluded that Mr. Brown's conduct was reckless, unfounded, and therefore disrespectful.
 
 
 9
 In view of the above-noted evidence of record, we conclude that the AJ's decision regarding the sexual harassment and disrespectful conduct charges is supported by substantial evidence. The points identified by Mr. Brown as allegedly having not been taken into account by the AJ, even if supported by the record, either are irrelevant or do not sufficiently detract from the weight of the evidence upon which the AJ relied in order to render that evidence insubstantial. See Spurlock v. Department of Justice, 894 F.2d 1328, 1330 (Fed.Cir.1990); Jackson v. Veterans Administration, 768 F.2d 1325, 1330-32 (Fed.Cir.1985).
 
 
 10
 Mr. Brown also argues that the Agency's selection of the penalty of removal was an abuse of discretion. However, this court will not disturb a selected penalty as an abuse of discretion " 'unless it exceeds the range of permissible punishment or is ... unconscionably disproportionate to the offense.' " Gonzalez v. Defense Logistics Agency, 772 F.2d 887, 889 (Fed.Cir.1985) (quoting Villela v. Department of the Air Force, 727 F.2d 1574, 1576 (Fed.Cir.1984)). In this case, imposition of the penalty of removal did not amount to an abuse of discretion.
 
 
 11
 Upon review of the Agency's penalty selection, we conclude that the Agency considered the relevant factors and struck a responsible balance within the limits of reasonableness under the guidance of Douglas v. Veterans Administration, 5 M.S.P.R. 280, 296-308 (1981). In her opinion, the AJ described the Agency's consideration of the Douglas factors, including the mitigating fact that Mr. Brown had thirteen years of service with the Agency. However, the AJ noted that the Agency was more persuaded by significant countervailing factors, namely, the repeated nature of the misconduct, prior disciplinary action against Mr. Brown, and Mr. Brown's failure to change his behavior following notice that his conduct was unacceptable. We conclude that the AJ properly determined that the Agency's selection of the removal penalty was reasonable.
 
 
 12
 Having fully considered all of Mr. Brown's other arguments on appeal, including his argument that the AJ was biased, we find nothing in the record before us that compels reversal of the Board's decision.
 
 
 
 *
 Honorable George C. Pratt, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation