22 F.3d 1105
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Donald KULINSKI, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 93-3196.
 United States Court of Appeals, Federal Circuit.
 March 24, 1994.
 
 Before NEWMAN, MICHEL, Circuit Judges, and MILLS, District Judge.*
 ORDER
 MICHEL, Circuit Judge.
 
 
 1
 Kulinski petitioned us for review of the December 8, 1992 arbitration award, Case No. EON-2D-D-11222, affirming his removal from his position as a letter carrier with the Postal Service. At oral argument Kulinski conceded that this court does not have jurisdiction to review an arbitration award involving a Postal Service employee. While 5 U.S.C. Secs. 7121 and 7703(b)(1) (1988) give this court jurisdiction to review some arbitration awards, section 7121 is not applicable to employees of the Postal Service. Bacashihua v. Merit Sys. Protection Bd., 811 F.2d 1498, 1502 (Fed.Cir.1987). Consequently, Kulinski requests that we transfer this case to either the Merit Systems Protection Board (MSPB) for a de novo hearing on the removal itself or to the District Court for the District of Maryland for a deferential review of the arbitration award. We may transfer a case to a court in which the case could have been brought at the time it was filed here to cure want of jurisdiction if it is in the interest of justice to do so. 28 U.S.C. Sec. 1631 (1988).
 
 
 2
 We decline to transfer this case to the MSPB for a de novo hearing. There is no reason to believe the MSPB has jurisdiction. Because he is a preference eligible veteran, Kulinski would have been authorized to initiate both arbitration proceedings and an MSPB appeal under 5 U.S.C. Secs. 7511 and 7512 (1988). Bacashihua, 811 F.2d at 1501-02. However, an appeal to the MSPB must be filed within 20 days of the effective date of the challenged decision. 5 C.F.R. Sec. 1201.22 (1993). That date expired over a year ago. Although Kulinski admits that he missed that deadline, he argues that his late filing should be excused because the letter of decision announcing his removal misled him regarding his appeal rights.
 
 
 3
 The MSPB may accept late filings upon a showing of good cause. 5 C.F.R. Sec. 1201.12 (1993). However, whether good cause exists is a matter committed to the discretion of the MSPB. Bacashihua, 811 F.2d at 1500. It is for the MSPB, not this court, to determine whether good cause existed in the first instance. Therefore, if Kulinski wishes the MSPB to accept late filing of his petition for review, he must make that request of the MSPB directly.
 
 
 4
 We also decline to transfer this case to the District Court for the District of Maryland for review of the arbitrator's decision. Kulinski maintains that the Maryland District Court has jurisdiction under 9 U.S.C. Sec. 10 to review the arbitration award since it was made in Baltimore, Maryland. However, the government responds that Kulinski has no standing to challenge the arbitration award in his own right because only the union, as the sole private party to the arbitration, can appeal the award. In support, the government quotes Bacashihua v. United States Postal Service, 859 F.2d 402, 405 (6th Cir.1988): "This provision [9 U.S.C. Sec. 10] has been strictly interpreted by the courts to prohibit an employee who was not a party to the arbitration from appealing the results of the arbitration between the employee's union and employer." However, if the employee establishes the union breached a duty to him in failing to seek judicial review of the arbitration award, he may be deemed to have standing. Rather than rule on this anticipatory dispute over a future allegation of such a breach, we decline to transfer this case which does not allege a breach to the Maryland District Court. But we note that Kulinski may refile this case or amend his pending suit in that court, thereby allowing it to resolve its own jurisdiction.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The appeal is dismissed for lack of jurisdiction.
 
 
 7
 (2) Each side shall bear its own costs.
 
 
 
 *
 The Honorable Richard Mills, District Judge, United States District Court for the Central District of Illinois, sitting by designation