59 F.3d 180
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Sebastian G. PINEDA, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3083.
 United States Court of Appeals, Federal Circuit.
 March 13, 1995.
 
 Before ARCHER, Chief Judge, and MICHEL and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Sebastian G. Pineda appeals the October 5, 1994, decision of the Merit Systems Protection Board (Board), Docket No. SE-0831-89-0774-I-1, dismissing Pineda's petition for review as inexcusably untimely filed. Because, in finding Pineda's excuses insufficient, the Board did not abuse its discretion, we affirm.
 
 DISCUSSION
 
 2
 On June 2, 1989, the Office of Personnel Management issued a reconsideration decision denying Pineda's application for a deferred annuity under the Civil Service Retirement Act. Under 5 C.F.R. Sec. 1201.22(b), Pineda had 25 days to appeal to the Board. However, Pineda's appeal, filed on August 21, 1989, was 55 days late. On August 28, 1989, the Administrative Judge (AJ) ordered Pineda to show cause for his late filing. After Pineda failed to respond to this order, on November 8, 1989, the AJ dismissed his appeal as untimely. This decision informed Pineda that the last day for filing a petition for review with the Board was December 13, 1989.
 
 
 3
 Pineda filed a petition for review on August 16, 1994. As the petition was approximately four and a half years late, the Board ordered Pineda to show just cause for his delay in filing. Pineda responded to this order, but the Board found his response to be insufficient. The Board's opinion states that Pineda's vague assertions of old age and frail health in combination with an eruption of Mount Pinatubo in 1991 lacked the specificity to justify waiving the time limit for filing a petition for review. Thus, the Board dismissed his petition as inexcusably untimely on October 5, 1994.
 
 
 4
 Pineda argues that he has shown good cause for the untimely filing of the petition in light of his age and frail health in combination with the volcanic activity near his home. Pineda alleges that he is blind in one eye and sees poorly from the other. Furthermore, in requesting a reversal of the Board's decision, Pineda calls our attention to his long service for the United States military. Unfortunately, it has no bearing on the issue of timeliness.
 
 
 5
 This court will uphold the Board's declining to waive the time limit for filing a petition for review unless that decision amounts to an abuse of discretion. Bacashihua v. Merit Sys. Protection Bd., 811 F.2d 1498, 1500 (Fed. Cir. 1987). It is the appellant's burden to establish that there was good cause for the delay in filing a petition for review. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 652 (Fed. Cir. 1992). General assertions of age and frail health are not an adequate showing of cause for delay in filing an appeal with the MSPB. Id. at 653. Assuming the accuracy of Pineda's allegations, the Board did not err in concluding that Pineda has not proven that he was so incapacitated that he could not file a timely petition for review. Furthermore, the volcanic activity does not explain his delay in petitioning before 1991. Accordingly, we hold the Board did not abuse its discretion in dismissing Pineda's petition for review as untimely.