56 F.3d 80
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Herbert C. BURGIN, Jr., Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3147.
 United States Court of Appeals, Federal Circuit.
 May 8, 1995.
 
 Before MAYER, Circuit Judge, SMITH, Senior Circuit Judge, and SCHALL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Herbert C. Burgin, Jr. seeks review of the decision of the Merit Systems Protection Board (Board) in Docket Number CH-0752-94-0992-I-1, dismissing his appeal as untimely.[1] We affirm.
 
 DISCUSSION
 
 2
 Mr. Burgin was removed from his position as a City Carrier for the U.S. Postal Service effective July 7, 1994. He appealed the removal action to the Chicago Regional Office of the Board on August 16, 1994, eight days after the August 8, 1994 deadline for filing an appeal. Consequently, the AJ ordered Mr. Burgin to show either that the appeal was timely, or that good cause existed for the delay in filing the appeal. Mr. Burgin indicated that the appeal was untimely because he had been waiting for certain paperwork from "the court system" in order to complete his appeal form, that he had been told that he could not appeal until he had actually been removed, and that he was incapacitated after an accident on August 4, 1994. The AJ considered Mr. Burgin's response, found it insufficient to establish good cause for the delay in filing the appeal, and dismissed the appeal as untimely.
 
 
 3
 In a case where the issue is the timeliness of filing, this court's review "is limited to whether the board's decision not to waive the regulatory time limit was arbitrary, an abuse of discretion, or otherwise not in accordance with law." Phillips v. United States Postal Serv., 695 F.2d 1389, 1390 (Fed. Cir. 1982) (footnote omitted); see also Bacashihua v. Merit Sys. Protection Bd., 811 F.2d 1498, 1500 (Fed. Cir. 1987). We conclude that the Board did not abuse its discretion when it dismissed Mr. Burgin's appeal as untimely. Mr. Burgin's generalized assertions that he was waiting for paperwork from the court system, and that he was incapacitated after an accident, were insufficient for the Board to have excused his delay in filing the appeal. In addition, Mr. Burgin did not show that he was unaware of the time limit for filing his appeal, or that circumstances beyond his control, see Alonzo v. Department of the Air Force, 4 M.S.P.R. 180, 184 (1980), prevented him from timely filing.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 The October 27, 1994 initial decision of the administrative judge (AJ) became the final decision of the Board when Mr. Burgin failed to file a petition for review