**Frances G. BROWN, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**No. 03–3291.**

United States Court of Appeals, Federal Circuit.

DECIDED: Jan. 12, 2004.

Before NEWMAN, RADER, and SCHALL, Circuit Judges.

RADER, Circuit Judge.

The Merit Systems Protection Board (Board), AT0752930032–C–1, dismissed Ms. Brown's petition for enforcement as untimely filed without good cause shown for the delay. Because the Board did not err in dismissing the petition, this court *affirms.*

I.

Ms. Brown was a Supervisory Staff Accountant at the Department of Navy (agency) in Pensacola, Florida. The agency placed Ms. Brown on enforced leave effective September 21, 1992, to determine her fitness to continue to perform her duties.

Ms. Brown appealed the enforced leave to the Board on October 9, 1992. On July

8, 1993, the parties entered into an oral settlement agreement, under which Ms. Brown agreed to withdraw her appeal and all Equal Employment Opportunity complaints, and the agency agreed to restore 800 hours of leave to Ms. Brown. On July 30, 1993, the Board issued an initial decision dismissing Ms. Brown's appeal as settled. After further proceedings, the Board issued another initial decision on March 30, 1994, incorporating the terms of the agreement into the record and stating that a party alleging breach must file a petition for enforcement. On July 25, 1994, the Board issued a final order denying review of the initial decision.

On October 27, 1995, a reduction-in-force separated Ms. Brown. Six years later, on October 24, 2001, Ms. Brown filed a petition for enforcement alleging that the agency breached the settlement agreement by not restoring her leave. The Board dismissed Ms. Brown's petition as untimely. This appeal followed.

## II.

This court affirms a decision of the Board unless the decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000).

Although her petition for enforcement was untimely, Ms. Brown contends that the Board should have excused the untimeliness.

A petition for enforcement "must be filed promptly.... Any petition for enforcement that is filed more than 30 days after the date of service or the agency's notice that it has complied must contain a statement and evidence showing good cause for the delay." 5 C.F.R.

§ 1201.182(a) (2003). This court has held that

> [A]n enforcement petition alleging a breach of a settlement agreement must be filed within a reasonable amount of time of the date the petitioning party becomes aware of a breach of the agreement. The reasonableness of the time period depends on the circumstances of each case.... [I]f on its face the petition is untimely, then the burden is on the petitioner to show facts establishing why the petition is not untimely.

*Kasarsky v. Merit Sys. Prot. Bd.*, 296 F.3d 1331, 1335 (Fed.Cir.2002). This court will only reverse a Board decision on whether good cause was shown for delay if the decision was arbitrary or capricious. *Bacashihua v. Merit Sys. Prot. Bd.*, 811 F.2d 1498, 1500 (Fed.Cir.1987).

The agency issued no notice of compliance. However, the Board found that when Ms. Brown was separated on October 27, 1995, she had sufficient knowledge of any alleged agency noncompliance to seek enforcement, and therefore October 27, 1995, serves as the date of the agency's notice of compliance under § 1201.182(a). Substantial evidence in the record supports those findings. Ms. Brown's leave and earnings statements up to her separation provided sufficient notice of any alleged breach.

Ms. Brown contends that her pursuit of Equal Opportunity and Workmen's Compensation grievances constitutes good cause for the six-year delay. But preoccupation with other means of redress does not constitute good cause. *Chudson v. Envtl. Prot. Agency,* 71 M.S.P.R. 115, 118–119 (1996), *aff'd,* 132 F.3d 54 (Fed.Cir. 1997). Therefore the Board did not abuse its discretion in concluding that Ms. Brown showed no good cause for her delay.

Because the Board correctly denied Ms. Brown's petition as untimely, this court

does not reach the other issues raised in this appeal.