Jan NIEUWDORP, Petitioner,

v.

LIBRARY OF CONGRESS, Respondent.

No. 88–3128.

United States Court of Appeals, Federal Circuit.

April 14, 1989.

Joseph V. Kaplan, Passman & Broida, Washington, D.C., argued, for petitioner.

J. Keith Burt, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued, for respondent. With him on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director and Robert A. Reutershan, Asst. Director. Also on the brief was Frank Mack, Office of General Counsel, Library of Congress, Washington, D.C., of counsel.

Before FRIEDMAN, SMITH and ARCHER, Circuit Judges.

## ORDER

ARCHER, Circuit Judge.

Jan Nieuwdorp (Nieuwdorp) seeks review of the arbitrator's decision sustaining his removal from the Library of Congress (Library) for failure to meet critical performance criteria for his position. The Library moved for dismissal on the ground that this court is without subject matter jurisdiction. By Order dated March 28, 1988, the Library's motion was referred to this panel for consideration.

Congress recognized the right of government employees to "organize, bargain collectively, and participate through labor organizations of their own choosing" in chapter 71 of Title 5, see 5 U.S.C. § 7101(a)(1) (1982). Library employees are among the federal employees afforded this right, see 5 U.S.C. § 7103(a)(1) and (3) (1982).

The collective bargaining agreement between the Library and the American Federation of State, County and Municipal Employees, Local 2910, to which petitioner belongs, provides a procedure for the settlement of grievances regarding performance or removal. This negotiated procedure modifies, to some extent, the procedure otherwise available to Library employees under its personnel regulations. Accordingly, an aggrieved employee has two routes to seek relief, one provided in the Library's personnel regulations and another in the collective bargaining agreement.

Section 7121(e)(1) of Title 5,[1] however, resolves any conflict between the two available procedures by requiring the aggrieved employee to make a choice. The statute provides that grievances regarding performance or removal may "be raised either under the appellate procedures, if any, applicable to those matters, or under the negotiated grievance procedure, but not both," 5 U.S.C. § 7121(e)(1), second sentence (1982). The "appellate procedures" referred to are those provided by the agency, in this case the Library's personnel regulations. This interpretation of the statute is confirmed by its legislative history which describes the "appellate procedures" as those "which would otherwise be available to the employee if the matter weren't covered by the grievance procedure." S.Rep. No. 969, 95th Cong., 2nd Sess. 110 (1978), reprinted in 1978 U.S. Code Cong. & Admin.News 2723, 2832.

Regardless of the route chosen by the employee pursuant to section 7121(e)(1), the question of whether this court has jurisdiction to review the resulting decision is governed by 5 U.S.C. § 7121(f) (1982).[2] Under

---

1. Section 7121(e)(1) (1982) reads:

    (e)(1) Matters covered under sections 4303 and 7512 of this title which also fall within the coverage of the negotiated grievance procedure may, in the discretion of the aggrieved employee, be raised either under the appellate procedures of section 7701 of this title or under the negotiated grievance procedure, but not both. Similar matters which arise under other personnel systems applicable to employees covered by this chapter may, in the discretion of the aggrieved employee, be raised either under the appellate procedures, if any, applicable to those matters, or under the negotiated grievance procedure, but not both....

2. 5 U.S.C. § 7121(f) (1982) reads:

    (f) In matters covered under sections 4303 and 7512 of this title which have been raised under the negotiated grievance procedure in accordance with this section, section 7703 of this title pertaining to judicial review shall apply to the award of an arbitrator in the same manner and under the same conditions as if the matter had been decided by the Board. In matters similar to those covered under sections 4303 and 7512 of this title which arise under other personnel systems and which an aggrieved employee has raised under the negotiated grievance procedure, judicial review of an arbitrator's award may be obtained in the same manner and on the same

**1002**

section 7121(f), the final decision under the negotiated grievance procedure may be judicially reviewed "in the same manner and on the same basis as could have been obtained of a final decision in such matters raised under applicable appellate procedures," 5 U.S.C. § 7121(f) (1982). The "applicable appellate procedures" are the procedures that would have been available to the employee had the negotiated procedure not been chosen, *i.e.,* the procedures under the Library's personnel regulations. Our interpretation of this provision of the statute is again consistent with the legislative history, which states:

> [section 7121(f)] further provides for judicial review of an arbitrator's award in matters similar to those covered under 5 U.S.C. sections 4303 and 7512 which arise under other personnel systems *in the same manner and on the same basis as would have been available to an employee who had not used the negotiated grievance procedure to appeal the matter.* (Emphasis added.)

S.Rep. No. 969, 95th Cong., 2nd Sess. 111 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News 2723, 2833.

For this court to entertain Nieuwdorp's petition for review from an arbitrator's decision, we would have to have review jurisdiction over a final decision made under the Library's personnel regulations. This court has previously held that the Library's personnel regulations do not give us jurisdiction to review the personnel decisions of the Head Librarian. *See Gardner v. Library of Congress,* 774 F.2d 1081 (Fed.Cir. 1985). Therefore, under section 7121(f) we are without jurisdiction to entertain Nieuwdorp's petition as well.

Nieuwdorp contends that the phrase "applicable appellate procedures" as used in

section 7121(f) should be read as referring to 5 U.S.C. § 7703 (1982) (governing this court's review of a decision appealed from the Merit Systems Protection Board (MSPB)). He argues that he can point to no "other personnel system[]" which provides for judicial review by statute or regulation. Although our interpretation of § 7121(f) may generally preclude judicial review of grievance decisions because "other personnel systems" do not authorize judicial review of decisions rendered under the agency's "appellate procedures, if any," *see* section 7121(e)(1), our interpretation is nonetheless completely consistent with the expressed intent of Congress.

Nieuwdorp also cites our decision in *Rogers v. Department of Defense Dependents Schools,* 814 F.2d 1549 (Fed.Cir.1987) (in which this court reviewed an adverse action with respect to an employee of the Department of Defense Dependents Schools (DODDS) system), in support of his view that the "applicable appellate procedures" referred to in section 7121(f) must be those of 5 U.S.C. § 7703 (1982).

Again, we are not persuaded. DODDS employees, unlike Library employees, are covered by the "employee" definitions of chapters 43 and 75 of Title 5 and thus fall within the first, not the second, employee category of each of sections 7121(e)(1) and (f). *See* 5 U.S.C. § 4301(2) (1982); 5 U.S.C. § 7501(1) (1982).[3] Accordingly, such employees may appeal to the MSPB *see, e.g., Pierce v. Department of Defense,* 18 M.S.P.R. 601 (MSPB 1984); *Pierce v. Department of Defense,* 15 M.S.P.R. 645 (MSPB 1983), with those decisions being reviewable in this court. 5 U.S.C. § 7703 (1982).

Accordingly, it is ORDERED:

Respondent's motion to dismiss is grant-

---

basis as could be obtained of a final decision in such matters raised under applicable appellate procedures.

**3.** Nieuwdorp also refers to the Federal Labor Relations Authority's (FLRA) decision in *Department of Defense Dependents Schools, Pacific Region and Overseas Education Ass'n,* 22 FLRA 597 (1986) (characterizing the DODDS system as an "other personnel system" for the purposes of 5

U.S.C. § 7121(f) (1982)). The FLRA did not consider whether DODDS employees were within the definition of employee under sections 4301(2) and 7501(1) and thus whether the first sentence of section 7121(f) was applicable. By focusing solely on the second sentence of section 7121(f), the FLRA reached a decision that is plainly inconsistent with the language of the statute.

ed and the appeal is dismissed.[4]

---

4. Nieuwdorp requests that his case be transferred to the United States District Court. *See* 28 U.S.C. § 1631 (1982). It has not been demonstrated, however, that such a transfer would be "in the interest of justice," *id.*, and accordingly the request is denied.