Julian W. **BURKE,** Petitioner,

v.

**UNITED STATES POSTAL SERVICE,** Respondent.

No. 89–3225.

United States Court of Appeals, Federal Circuit.

Oct. 31, 1989.

---

Roger Guevara, Guevara & Milam, P.C., of San Antonio, Tex., submitted for petitioner.

David G. Karro, Atty. and Jesse L. Butler, Asst. Gen. Counsel, Office of Labor Law, Washington, D.C., submitted for respondent.

Before NEWMAN, BISSELL, and MICHEL, Circuit Judges.

BISSELL, Circuit Judge.

Julian W. Burke, a non-preference eligible employee with the United States Postal Service (Postal Service), filed a grievance pursuant to the collective bargaining agreement between the Laborers' International Union of North America Mail Handlers Division and the Postal Service, after he was removed for unsatisfactory attendance. The arbitrator denied the grievance, determining that the removal was not unreasonable, and Burke petitioned this court for review. We dismiss Burke's petition for lack of jurisdiction.

## ANALYSIS

### I.

This court has "exclusive jurisdiction ... of an appeal from a final order or final decision of the Merit Systems Protection Board, pursuant to sections 7703(b)(1) and 7703(d) of title 5." 28 U.S.C. § 1295(a)(9) (1982). However, 5 U.S.C. § 7121(f) (1988) is our sole jurisdictional grant for review of an arbitrator's award. That section authorizes the same review for arbitration awards under a negotiated grievance procedure pursuant to section 7121(a) as that available for decisions of the Merit Systems Protection Board. 5 U.S.C. § 7121(f).

■ As is clear from the language of 5 U.S.C. § 7111 (1988), and implicit in the reasoning adopted by this court in *Bacashihua v. Merit System Protection Board,* 811 F.2d 1498, 1501–02 (Fed.Cir.1987), the negotiated grievance procedures authorized by section 7121(a) are limited to those between *agencies* and labor organizations. An agency for purposes of section 7121(a) is defined as an "[e]xecutive agency." 5 U.S.C. § 7103(a)(3) (1988). The Postal Service is an independent establishment of the executive branch rather than an executive agency. 39 U.S.C. § 201 (1982). Because the Postal Service is not an executive agency, Burke's arbitration award was not the result of a negotiated grievance procedure authorized by section 7121(a). Therefore, section 7121, on its face, does not empower this court to entertain an appeal of an arbitrator's award pursuant to a Postal Service collective bargaining agreement. *See Bacashihua,* 811 F.2d at 1501.

Furthermore, the Postal Reorganization Act (PRA), Pub.L. No. 91–375, 84 Stat. 719 (1970), does not make section 7121 applicable to Postal Service employees. "The PRA established the Postal Service as an independent establishment of the executive branch with very limited application of federal employee law." *Bacashihua,* 811 F.2d at 1501 (citing *Bredehorst v. United States,* 230 Ct.Cl. 399, 677 F.2d 87, 88–89 (1982)). Section 1005(a) of the PRA provides that chapter 75 of title 5, regarding review of adverse actions, shall apply to postal employees "except to the extent of any inconsistency with ... the provisions of any collective-bargaining agreement negotiated on behalf of and applicable to

them." 39 U.S.C. § 1005(a) (1982). Additionally, nonpreference eligible postal employees covered by a collective bargaining agreement are limited to the grievance procedures provided by that agreement. *See Winston v. United States Postal Serv.*, 585 F.2d 198, 206 (7th Cir.1978). Article 15.4, paragraph A6, of the collective bargaining agreement at issue here provides that "[a]ll decisions of an arbitrator will be final and binding." Because no provision of the pertinent statutes makes section 7121 applicable to nonpreference eligible employees of the Postal Service, we are without jurisdiction over this appeal. *Bacashihua*, 811 F.2d at 1501.

## II.

█ Under 28 U.S.C. § 1631 (1982), if we lack jurisdiction over an appeal, we must transfer the case to a court in which the "appeal could have been brought at the time it was filed" if the transfer is in "the interest of justice." Our companion circuits have consistently held that nonpreference eligible Postal Service employees who avail themselves of a collective bargaining agreement's grievance review procedures are subject to any agreement provision making the arbitrator's decision final and binding. *See Smith v. Daws*, 614 F.2d 1069, 1073 (5th Cir.1980); *Abernathy v. United States Postal Serv.*, 740 F.2d 612, 617 (8th Cir.1984). We conclude that the interests of justice would not be served by a transfer of Burke's petition. Accordingly, the petition for review of the arbitrator's decision is dismissed.

DISMISSED.