99 F.3d 1158
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Stephen J. QUIRING, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 96-3247.
 United States Court of Appeals, Federal Circuit.
 Aug. 20, 1996.
 
 Before RICH, LOURIE, and CLEVENGER, Circuit Judges.
 ON MOTION
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 The United States Postal Service moves to dismiss Stephen J. Quiring's petition for review for lack of jurisdiction. Quiring moves for an extension of time, out of time, to file a response to the United States Postal Service's motion to dismiss. Quiring states that the Postal Service consents. The response has been submitted.
 
 
 2
 The Postal Service removed Quiring, a letter carrier, for unsatisfactory performance. Quiring filed a grievance pursuant to a collective bargaining agreement between the Postal Service and the National Association of Letter Carriers. In an April 8, 1996 decision, the arbitrator sustained Quiring's removal, determining that the Postal Service had just cause for the removal. This petition for review followed.
 
 
 3
 The Postal Service argues that this petition for review should be dismissed for lack of jurisdiction. Quiring contends that, as a civil service employee, he is entitled to appeal the arbitrator's decision to this court under 5 U.S.C. § 7121(f).
 
 
 4
 This court does not have jurisdiction over a Postal Service employee's petition for review of an arbitrator's decision rendered under a collective bargaining agreement. Burke v. United States Postal Service, 888 F.2d 833, 834 (Fed.Cir.1989). The appeal rights of Postal Service workers are derived from the Postal Reorganization Act, not the Civil Service Reform Act. Thus, § 7121 is not applicable to the Postal Service. Basashihua v. Merit Sys. Protection Board, 811 F.2d 1498, 1501-02 (Fed.Cir.1987). Thus, we must dismiss for lack of jurisdiction.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Postal Service's motion to dismiss is granted.
 
 
 7
 (2) Quiring's motion for an extension of time to file a response is granted.
 
 
 8
 (3) Each side shall bear its own costs