**Sean WAGNER, Petitioner,**

v.

**TENNESSEE VALLEY AUTHORITY,
Respondent.**

No. 02–3135.

United States Court of Appeals,
Federal Circuit.

DECIDED: July 2, 2002.

Before NEWMAN, RADER, and SCHALL, Circuit Judges.

## ORDER

SCHALL, Circuit Judge.

Tennessee Valley Authority (TVA) moves to dismiss Sean Wagner's petition for review for lack of jurisdiction. TVA moves for sanctions. Wagner opposes and moves, in the alternative, for the court to transfer the petition to the United States Court of Appeals for the Sixth Circuit. TVA replies.

Pursuant to 5 U.S.C. §§ 7121(f) and 7703, Wagner seeks review of an arbitrator's award in an arbitration between the Law Enforcement Employees Association and TVA upholding TVA's termination of Wagner from his position as a TVA police officer. Section 7703 provides this court with "broad jurisdiction" to review final orders and decisions of the Merit Systems Protection Board. *Schafer v. Department of the Interior*, 88 F.3d 981, 985 (Fed.Cir. 1996). On the other hand, 5 U.S.C. § 7121(f) "grants us a narrower jurisdiction in the case of arbitrators' awards. We may review an arbitrator's award only if the matter appealed is one 'covered under' 5 U.S.C. § 4303 ... or 5 U.S.C. § 7512[.]" *Id.* Sections 4303 and 7512 cover removals and other adverse actions based on unacceptable performance or misconduct. TVA, a government corporation, is not subject to either of these provisions. 5 U.S.C. §§ 4301(1)(A)(i) and 7511(b)(8).

TVA argues that this court lacks jurisdiction over Wagner's petition because TVA is not subject to the Federal Labor Relations Act, 5 U.S.C. § 7101 *et seq.* (FLRA). Section 7103(a)(3)(E) of title 5 expressly excludes TVA from the definition of an "agency" subject to the FLRA. *See also Salary Policy Employee Panel v. Tennessee Valley Authority*, 149 F.3d 485, 490 (6th Cir.1998) ("The TVA personnel system is independent of the competitive civil service laws ... and, as a federal corporation, TVA is specifically exempt from the provisions of the ... [FLRA], *see* 5 U.S.C. § 7103(a)(3)(E)."). TVA relies on *Burke v. United States Postal Service*, 888 F.2d 833, 834 (Fed.Cir.1989), where the court stated:

> However, 5 U.S.C. § 7121(f) (1988) is our sole jurisdictional grant for review of an arbitrator's award. That section authorizes the same review for arbitration awards under a negotiated grievance procedure pursuant to section 7121(a) as that available for decisions of the Merit Systems Protection Board. 5 U.S.C. § 7121(f).

> As is clear from the language of 5 U.S.C. § 7111 (1988), and implicit in the reasoning adopted by this court in *Bacashihua v. Merit Systems Protection Board*, 811 F.2d 1498, 1501–02 (Fed.Cir.1987), the negotiated grievance procedures authorized by section 7121(a) are limited to those between *agencies* and labor organizations. An agency for purposes of section 7121(a) is defined as an "[e]xecutive agency." 5 U.S.C. § 7103(a) (1988).

(Emphasis in original.)

The court held:

"Because the Postal Service is not an executive agency, Burke's arbitration award was not the result of a negotiated grievance procedure authorized by section 7121(a). Therefore, section 7121, on its face, does not empower this court to entertain an appeal of an arbitrator's award pursuant to a Postal Service collective bargaining agreement."

*Burke,* 888 F.2d at 834. TVA argues that the same logic dictates that this court lacks jurisdiction over an arbitration award pursuant to a TVA collective bargaining agreement because the TVA has been explicitly excluded from the definition of an executive agency for purposes of 5 U.S.C. § 7121.

Wagner concedes that TVA is not an agency for purpose of the FLRA, but asserts that § 7121(f) contains a "savings clause" that provides for appellate jurisdiction in this court or, in the alternative, in the United States Court of Appeals for the Sixth Circuit, where Wagner resides. Section 7121(f) provides, in relevant part:

> In matters similar to those covered under sections 4303 and 7512 of this title which arise under *other personnel systems* and which an aggrieved employee has raised under the negotiated grievance procedure, judicial review of an arbitrator's award may be obtained in the same manner and on the same basis as could be obtained of a final decision in such matters raised under *applicable appellate procedures.*

5 U.S.C. § 7121(f) (emphasis added).

Without citing to any authority, Wagner maintains that this provision "provides the protections of judicial review for employees of an entity that would normally be considered an 'agency' but for the fact that it is excepted from such definition in 7103(a)(3)." He argues that the "applicable appellate procedures" referred to in section 7121(f) above is that provided for in

5 U.S.C. § 7703 pertaining to judicial review of MSPB decisions. Wagner urges: "In the alternative, ... the phrase 'applicable appellate procedures' in Section 7121(f) refers to those contained in Section 7123 which provides for judicial review of final orders of the Federal Labor Relations Authority[.]"

Wagner's alternate constructions of the phrase "applicable appellate procedures" as used in section 7121(f) fails in light of our analysis in *Nieuwdorp v. Library of Congress,* 872 F.2d 1000, 1002 (Fed.Cir. 1989). In *Nieuwdorp,* the former employee of one such "other personnel system" (the Library of Congress) asserted "that the phrase 'applicable appellate procedures' as used in section 7121(f) should be read as referring to 5 U.S.C. § 7703." *Id.* We rejected this assertion, explaining:

> The "applicable appellate procedures" are the procedures that would have been available to the employee had the negotiated procedure not been chosen, *i.e.,* the procedures under the Library's personnel regulations.
>
> ... [Nieuwdorp] argues that he can point to no "other personnel system[ ]" which provides for judicial review by statute or regulation. Although our interpretation of § 7121(f) may generally preclude judicial review of grievance decisions because "other personnel systems" do not authorize judicial review of decisions rendered under the agency's "appellate procedures, if any," *see* section 7121(e)(1), our interpretation is nonetheless completely consistent with the expressed intent of Congress.

*Id.*

Thus, we find no support for Wagner's assertions that this court has jurisdiction over his petition for review or that transfer is appropriate. Notwithstanding our conclusion that this court lacks jurisdiction

over Wagner's petition for review, the imposition of sanctions is not warranted.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted.

(2) TVA's motion for sanctions is denied.

(3) Wagner's alternative motion to transfer is denied.

(4) Each side shall bear its own costs.