# United States Court of Appeals for the Federal Circuit

05-3349

ROBERT BONNER,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS
PITTSBURGH HEALTHCARE SYSTEM,

Respondent.

Martin R. Cohen, American Federation of Government Employees, of Bala Cynwyd, Pennsylvania, argued for petitioner.

Domenique Kirchner, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington DC, argued for respondent. With her on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Donald E. Kinner, Assistant Director.

Appealed from:    Arbitrator Decision

# United States Court of Appeals for the Federal Circuit

05-3349

ROBERT BONNER,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS
PITTSBURGH HEALTHCARE SYSTEM,

Respondent.

_____

DECIDED:  February 16, 2007

_____

Before LOURIE, Circuit Judge, PLAGER, Senior Circuit Judge, and RADER, Circuit Judge.

PLAGER, Senior Circuit Judge.

Robert Bonner was removed from his position as a registered nurse with the Department of Veterans Affairs Pittsburgh Healthcare System.  The American Federation of Government Employees filed a grievance on his behalf pursuant to the negotiated grievance procedure contained in its collective bargaining agreement with the Department.  The case proceeded to arbitration, and the arbitrator who heard the matter converted the agency's removal to a 30-day suspension.  Bonner petitions for review of the arbitrator's decision.  We dismiss the petition for lack of jurisdiction.

BACKGROUND

Mr. Bonner is a registered nurse with the Veterans Health Administration ("VHA"), employed by the Department of Veterans Affairs ("DVA" or "Department")

Pittsburgh Healthcare System. He was appointed under the authority of what is now 38 U.S.C. § 7401(1), which provides the Secretary of Veterans Affairs with broad discretion to appoint certain health-care professionals outside the civil service appointment procedures of title 5 of the United States Code.[1] Mr. Bonner also is, and was at all times pertinent to this case, President of Local 2028 of the American Federation of Government Employees ("the union"), which includes as members employees hired under the civil service provisions of title 5 as well as employees appointed by the Secretary under title 38.

In December 2004, the agency removed Mr. Bonner based on one charge of willfully using or authorizing the use of a Government passenger motor vehicle for other than official purposes and two charges involving falsification before an Administrative Board of Investigation. Pursuant to a collective bargaining agreement between the union and the DVA, the union filed a grievance on Mr. Bonner's behalf alleging that his termination was not in conformity with the labor management agreement. After the agency denied the grievance, the union referred the grievance to arbitration.

The arbitrator who heard the matter found that the agency "did not meet its burden of proof and demonstrate just cause for removal" of Mr. Bonner for the three charges and ordered that Mr. Bonner be reinstated. Nevertheless, the arbitrator stated that Mr. Bonner "had a duty as President of Local 2028 to know the procedures that apply to the use of a government vehicle and to take action to carry them out." For that

---

[1] Mr. Bonner was appointed in 1990 under 38 U.S.C. § 4104 (1988), which was recodified as 38 U.S.C. § 7401 in 1991. See Department of Veterans Affairs Health-Care Personnel Act of 1991, Pub. L. No. 102-40, § 401(b)(2), 105 Stat. 222.

reason, the arbitrator converted the termination to a 30-day disciplinary suspension.  Mr. Bonner petitions for review of the arbitrator's decision.

DISCUSSION

A.

The statutory provision governing judicial review of an arbitrator's decision is 5 U.S.C. § 7121(f), which reads:

> In matters covered under sections 4303 and 7512 of this title which have been raised under the negotiated grievance procedure in accordance with this section, section 7703 of this title pertaining to judicial review shall apply to the award of an arbitrator in the same manner and under the same conditions as if the matter had been decided by the [Merit Systems Protection] Board.  In matters similar to those covered under sections 4303 and 7512 of this title which arise under other personnel systems and which an aggrieved employee has raised under the negotiated grievance procedure, judicial review of an arbitrator's award may be obtained in the same manner and on the same basis as could be obtained of a final decision in such matters raised under applicable appellate procedures.

That statute is "our sole jurisdictional grant for review of an arbitrator's award."  Burke v. U.S. Postal Serv., 888 F.2d 833, 834 (Fed. Cir. 1989).  Therefore, we have jurisdiction to review the arbitrator's decision in Mr. Bonner's case only if either the first or second sentence of § 7121(f) provides for review by this court.

To aid our analysis, we begin with an overview of the relevant statutory framework.  Employment of VHA health-care professionals appointed under 38 U.S.C. § 7401(1) is governed in large part by chapter 74 of title 38.  See Scarnati v. Dep't of Veterans Affairs, 344 F.3d 1246, 1247-48 (Fed. Cir. 2003); James v. Von Zemenszky, 284 F.3d 1310, 1314, 1319-20 (Fed. Cir. 2002).  That chapter contains a number of provisions that treat VHA health-care professionals differently from ordinary civil service

employees, who are covered exclusively by title 5.[2] Of particular relevance here are 38 U.S.C. §§ 7461 through 7464, which relate to disciplinary and grievance procedures generally and to disciplinary and grievance procedures for employees covered by a collective bargaining agreement.

Under 38 U.S.C. § 7461, a § 7401(1) employee has the right to appeal an adverse action resulting from a charge based on conduct or performance. The specific procedure available depends on the type of adverse action and the basis for the charges against the employee. If the case involves a question of professional conduct or competence,[3] and a major adverse action[4] is taken, the employee has an appeal to a Disciplinary Appeals Board appointed by the Secretary in accordance with 38 U.S.C. § 7464. 38 U.S.C. § 7461(b)(1). Procedures for Disciplinary Appeals Board appeals are set out in § 7462, which also provides for judicial review of Board final decisions.

On the other hand, if the adverse action is not a major adverse action or does not arise out of a question of professional conduct or competence, the employee may appeal under the Department grievance procedures described in § 7463. 38 U.S.C. § 7461(b)(2)(A). That section provides for review by an impartial Department examiner as set forth in regulations prescribed by the Secretary. 38 U.S.C. § 7463(a), (d). Significantly, under the Department grievance procedures of § 7463, an employee

---

[2]     The VHA provisions are sometimes referred to as the "title 38 personnel system," whereas the ordinary civil service provisions are referred to as the "title 5 personnel system." See Von Zemenszky, 284 F.3d at 1319-20.

[3]     A question of professional conduct or competence is a question involving direct patient care or clinical competence. 38 U.S.C. § 7461(c)(3).

[4]     A major adverse action is an adverse action that includes a suspension, transfer, reduction in grade, reduction in basic pay, or discharge. 38 U.S.C. § 7461(c)(2).

cannot obtain review by a Disciplinary Appeals Board (with an exception not relevant here), nor can he obtain judicial review of the Department's final decision.

There is an alternative procedure available under § 7463 for a § 7401(1) employee who is a member of a collective bargaining unit under chapter 71 of title 5. That chapter provides collective bargaining rights for civil service employees, 5 U.S.C. §§ 7101-35; 38 U.S.C. § 7422 extends those rights, with some exceptions, to VHA health-care professionals.[5] Under § 7463, a § 7401(1) employee who is a member of a collective bargaining unit may elect to appeal an adverse action not involving professional conduct or competence either through negotiated grievance procedures provided in a collective bargaining agreement or through the Department grievance procedures, but not both. 38 U.S.C. §§ 7461(b)(2)(B), 7463(b). As with a final decision obtained through Department grievance procedures, the statute does not provide for judicial review of a decision resulting from collective bargaining grievance procedures.

B.

We now return to 5 U.S.C. § 7121, which generally sets forth the requirements for collective bargaining grievance procedures that are negotiated as part of collective bargaining agreements between employees and agencies. It also contains the judicial review provision we must address. Because the section is part of chapter 71 of title 5, it

---

[5]     38 U.S.C. § 7422(a) provides:

Except as otherwise specifically provided in this title, the authority of the Secretary to prescribe regulations [for hours and conditions of employment] under section 7421 of this title is subject to the right of Federal employees to engage in collective bargaining with respect to conditions of employment through representatives chosen by them in accordance with chapter 71 of title 5 (relating to labor-management relations).

governs the negotiated grievance procedures between VHA health-care professionals and the DVA where applicable. See 38 U.S.C. § 7422.

In certain situations, § 7121 provides an aggrieved employee who belongs to a collective bargaining unit with the choice of filing a grievance pursuant to a negotiated grievance procedure or raising the matter under an applicable statutory procedure. For example, matters covered under 5 U.S.C. § 4303 (reductions in grade and removals due to unacceptable performance) and 5 U.S.C. § 7512 (adverse actions such as removals or suspensions of more than fourteen days) and which are also covered by a negotiated grievance procedure either may be appealed to the Merit Systems Protection Board ("MSPB") under 5 U.S.C. § 7701, or may be raised under the negotiated grievance procedure, but not both. 5 U.S.C. § 7121(e). Likewise, matters "similar" to those covered by sections 4303 and 7512 that arise under other personnel systems may be raised under applicable appellate procedures or a negotiated grievance procedure, but not both. Id.

This brings us back to subsection (f) of 5 U.S.C. § 7121, the judicial review provision at issue in this case. If an employee who is a member of a collective bargaining unit elects to raise one of the enumerated personnel matters under a negotiated grievance procedure, and that process results in arbitration, § 7121(f) provides for judicial review of the arbitrator's award. According to the first sentence, which applies to matters covered under sections 4303 and 7512, this court may review the award in accordance with 5 U.S.C. § 7703 in the same manner and under the same conditions as we review MSPB decisions. Under the second sentence, however, for matters "similar" to those "covered under" sections 4303 and 7512 that arise under

"other personnel systems," judicial review is available only "in the same manner and on the same basis" as could be obtained if the employee had raised the matter under "applicable appellate procedures."

Mr. Bonner argues that we have jurisdiction under the first sentence of § 7121(f) to review the arbitrator's decision in his case. Mr. Bonner's removal, however, is not "covered under" 5 U.S.C. § 7512 because, as a VHA health-care professional appointed under 38 U.S.C. § 7401(1), the provisions relating to adverse actions in chapter 75 of title 5, including § 7512, do not apply to him. See 5 U.S.C. § 7511(b)(10) ("This subchapter does not apply to an employee . . . who holds a position within the [VHA] which has been excluded from the competitive service by or under a provision of title 38, unless such employee was appointed to such position under section 7401(3) of such title."); see also Kahn v. United States, 201 F.3d 1375, 1380 (Fed. Cir. 2000) (holding that § 7511(b)(10) bars VHA health-care professionals from appealing adverse actions to the MSPB under chapter 75 of title 5). Therefore, Mr. Bonner does not come within the plain language of the first sentence of § 7121(f).

Undeterred by the clear statutory language, Mr. Bonner argues that the first sentence of § 7121(f) should apply to him because his removal is the "type" of personnel action covered under § 7512. He contends that the decisive factor is the nature of the personnel action, not whether the employee could otherwise have appealed his adverse action to the MSPB under chapter 75 of title 5. The problem with this argument is that it would render superfluous the second sentence of § 7121(f), which applies to precisely this sort of personnel action—one that is "similar" to a § 7512 adverse action and that arises under a personnel system other than the title 5 personnel

system.  See Nieuwdorp v. Library of Congress, 872 F.2d 1000, 1001-02 (Fed. Cir. 1989) (applying the second sentence of § 7121(f) to an employee covered by the Library of Congress personnel regulations, not the title 5 personnel system).

Further, the second sentence of § 7121(f) is of no help to Mr. Bonner, as he essentially concedes.  Under that provision, judicial review of the arbitrator's award can be obtained "in the same manner and on the same basis as could be obtained" if the matter had been raised initially under "applicable appellate procedures."  As we held in Nieuwdorp, the phrase "applicable appellate procedures" does not trigger judicial review by this court under 5 U.S.C. § 7703.  Id. at 1002.  The only judicial review available, if any, is that which could have been obtained if Mr. Bonner had chosen to appeal under the title 38 Departmental procedures.  See id.  Since Mr. Bonner's removal was an adverse action not involving a question of professional conduct or competence, Mr. Bonner could have appealed through the Department grievance procedures provided by 38 U.S.C. § 7463 rather than filing a grievance pursuant to the negotiated grievance procedures.  As noted, a VHA health-care professional cannot obtain judicial review of a Department decision under that section.  Therefore, because no judicial review would have been available to Mr. Bonner had he appealed pursuant to the Department grievance procedures, he cannot obtain judicial review of the arbitrator's decision under the second sentence of 5 U.S.C. § 7121(f).

Mr. Bonner's final argument is that Congress intended for title 38 and title 5 employees to be treated as part of one unified personnel system except in limited circumstances.  He argues specifically that in 1991, when title 38 was amended to give

VHA health-care professionals collective bargaining rights,[6] Congress intended that all § 7512-type adverse actions be subject to the same type of arbitration proceeding and the same type of appeal from an arbitrator's decision, whether involving a VHA employee or a title 5 employee. However, the statutory language simply does not bear this out. A title 5 employee has the same right to judicial review of an arbitrator's decision that he would have if he appealed his § 7512 adverse action to the MSPB. In contrast, VHA employees hired under 38 U.S.C. § 7401(1) like Mr. Bonner have never had the right to appeal § 7512-type adverse actions to the MSPB, either before or after the 1991 amendments, and similarly have never had the right to judicial review by this court. While VHA health-care professionals are covered by many title 5 provisions, there are some circumstances in which they are treated differently from title 5 employees. Von Zemenszky, 284 F.3d at 1319-20. This is one of those circumstances.

For the reasons discussed, we do not have jurisdiction to review the arbitrator's decision in Mr. Bonner's case under either the first or second sentence of 5 U.S.C. § 7121(f). This is unfortunate because, as the Government concedes, "the arbitrator's decision is unclear in its findings, conclusions, and rationale relating to the agency's charge of willful use of a Government vehicle for an unofficial purpose and in the imposition of a 30-day suspension." Nevertheless, we cannot create appellate jurisdiction where none exists, and therefore we must dismiss Mr. Bonner's petition for lack of jurisdiction.

COSTS

---

[6] Department of Veterans Affairs Labor Relations Improvement Act of 1991, Pub. L. No. 102-40, § 202, 105 Stat. 200 (codified at 38 U.S.C. § 7422).

Each party shall bear its own costs.

<u>DISMISSED</u>