NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VIDYARANI SUBBARAYA,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2010-3087

---

Petition for review of the Merit Systems Protection Board in case no. PH-0752-09-0439-I-1.

---

Decided: July 9, 2010

---

VIDYARANI SUBBARAYA, of Hockessin, Delaware, pro se.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before PROST, MAYER, and SCHALL, *Circuit Judges*.

PER CURIAM.

Vidyarani Subbaraya, M.D., seeks review of a final decision of the Merit Systems Protection Board dismissing her appeal for lack of jurisdiction. *See Subbaraya v. Dep't of Veterans Affairs*, No. PH-0752-09-0439-I-1, 2009 MSPB LEXIS 4937 (M.S.P.B. Dec. 24, 2009). We *affirm*.

Subbaraya accepted a temporary appointment as a primary care doctor at the Veterans Administration Medical Center in Wilmington, Delaware on November 1, 2004. She subsequently acquired United States citizenship and, on May 14, 2006, she was converted to a permanent appointment as a primary care doctor pursuant to 38 U.S.C. § 7401(1). The permanent appointment required Subbaraya to complete a probationary period of two years.

On May 1, 2008, Subbaraya was notified by letter that she would be removed from her position with the agency due to unsatisfactory performance. On May 7, 2008, two days prior to the effective date of her proposed separation, she resigned from her position with the agency.

On May 3, 2009, Subbaraya appealed to the board, arguing that her performance had been satisfactory and that the agency had retaliated against her for signing a petition recommending improvements at the Veterans Administration Medical Center. Shortly thereafter, an administrative judge dismissed her appeal, concluding that because she was appointed to her position at the Veterans Administration pursuant to 38 U.S.C. § 7401 she had no right to appeal to the board. The administrative judge's decision became the final decision of the board on December 24, 2009. *See* 5 C.F.R. § 1201.113.

The board's jurisdiction is not plenary, but is limited to those matters over which it has been granted jurisdic-

tion by law, rule or regulation. *See Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). Subbaraya had the burden of proving, by a preponderance of the evidence, that the board had jurisdiction over her appeal. *See* 5 C.F.R. § 1201.56(a)(2)(i).

Subbaraya alleges that her resignation from her position with the agency was involuntary. Even if she could establish that her resignation was involuntary, however, the board lacks jurisdiction to consider her appeal. "Congress has given the Secretary of Veterans Affairs broad discretion to appoint to positions in the [Veterans Health Administration] such personnel as the Secretary may find necessary for the medical care of veterans. One category of personnel that may be appointed to the [Veterans Health Administration] under § 7401 includes physicians, dentists, podiatrists, optometrists, registered nurses, physician assistants, and expanded-function dental auxiliaries." *Scarnati v. Dep't of Veterans Affairs*, 344 F.3d 1246, 1248 (Fed. Cir. 2003) (citations and internal quotation marks omitted). Health care workers appointed pursuant to section 7401(1) generally have no right to appeal adverse personnel actions to the board. *See* 5 U.S.C. § 7511(b)(10); *Bonner v. Dep't of Veterans Affairs*, 477 F.3d 1343, 1348 (Fed. Cir. 2007) (emphasizing that Veterans Health Administration "employees hired under 38 U.S.C. § 7401(1) . . . have never had the right to appeal § 7512-type adverse actions to the MSPB."). Thus, regardless of whether Subbaraya was serving as a probationary employee at the time she resigned, she had no right to appeal to the board because she was appointed to her position pursuant to section 7401(1). *See James v. Von Zemenszky*, 284 F.3d 1310, 1319 (Fed. Cir. 2002) ("[C]hapter 74 of title 38 contains a number of provisions that treat [Veterans Health Administration] health-care

professionals differently from ordinary civil service employees.").

The board likewise correctly determined that it lacked jurisdiction to consider Subbaraya's allegation that she suffered reprisal for disclosures protected under the Whistleblower Protection Act of 1989 ("WPA").  *See* 5 U.S.C. § 2302(b)(8).  The board can exercise jurisdiction over a WPA claim only when an employee has exhausted his administrative remedies before the Office of Special Counsel ("OSC").  *See* 5 U.S.C. § 1214(a)(3); *Ward v. Merit Sys. Prot. Bd.*, 981 F.2d 521, 526 (Fed. Cir. 1992).  Subbaraya, however, failed to establish that she filed a complaint with the OSC or that it terminated its investigation into her complaint.

We have considered Subbaraya's remaining arguments, but do not find them persuasive.