# United States Court of Appeals
# for the Federal Circuit

———————————

**JESUS H. DELEON AND CHERYL WILLIAMS,**
*Petitioners,*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent.*

———————————

2013-3129

———————————

Petition for review of an arbitrator's decision in FMCS No. 12-57178-7 by James L. Reynolds.

———————————

**ON MOTION**

———————————

PETER CHARLES ROMBOLD, Hoover Law Firm, of Junction City, Kansas, for petitioners.

JANE WALLACE VANNEMAN, Senior Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her was MELISSA M. DEVINE, Attorney.

———————————

Before RADER, *Chief Judge,* DYK and WALLACH, *Circuit Judges.*

WALLACH, *Circuit Judge.*

## **O R D E R**

The Department of the Army moves to dismiss this petition for lack of jurisdiction. Jesus H. DeLeon and Cheryl Williams oppose.

Mr. DeLeon and Ms. Williams were separated from their jobs as cooks at a facility at the Army's Fort Riley installation, for allegedly removing government-owned food from the facility without authorization. The facility was a non-appropriated fund instrumentality (NAFI), and DeLeon and Williams were paid through non-appropriated funds. Subsequently, DeLeon and Williams filed grievances, pursuant to procedures established in the collective bargaining agreement with their union. After the denial of the grievances, the union invoked arbitration. The arbitrator upheld the charges and removal penalties. DeLeon and Williams filed this petition seeking review of the arbitrator's decision.

Our jurisdiction over arbitrators' decisions is narrowly circumscribed by statute:

> In matters covered under [5 U.S.C. §§ 4303 and 7512] which have been raised under the negotiated grievance procedure in accordance with this section, [5 U.S.C. § 7703] pertaining to judicial review shall apply to the award of an arbitrator in the same manner and under the same conditions as if the matter had been decided by the [Merit Systems Protection] Board. In matters similar to those covered under [5 U.S.C. §§ 4303 and 7512] which arise under other personnel systems and which an aggrieved employee has raised under the negotiated grievance procedure, judicial review of an arbitrator's award may be obtained in

> the same manner and on the same basis as could be obtained of a final decision in such matters raised under applicable appellate procedures.

5 U.S.C. § 7121(f). Section 7121(f) is this court's "sole jurisdictional grant for review of an arbitrator's award." *Schafer v. Dep't of the Interior*, 88 F.3d 981, 986 (Fed. Cir. 1996) (quoting *Burke v. U.S. Postal Serv.*, 888 F.2d 833, 834 (Fed. Cir. 1989)).

The parties agree that any attempt to appeal from the arbitrator's ruling under the first sentence of § 7121(f) runs headlong into 5 U.S.C. § 2105(c), which excludes NAFI employees* from appealing adverse actions to the Merit Systems Protection Board (Board). *Clark v. Merit Sys. Prot. Bd.*, 361 F.3d 647, 650–51 (Fed. Cir. 2004); *Perez v. Army & Air Force Exch. Serv.*, 680 F.2d 779, 780 (D.C. Cir. 1982). DeLeon and Williams instead argue that they may seek judicial review under the second sentence of § 7121(f). That sentence provides that for certain matters arising under "other personnel systems," an employee who has appealed such a matter under a negotiated grievance procedure may obtain judicial review from an arbitrator's award "in the same manner and on the same basis as could be obtained of a final decision in such matters raised under applicable appellate procedures."

Even assuming petitioners are covered by that sentence, however, it does not avail them. Section 7121 "is not an affirmative grant of the remedies specified else-

---

\* NAFI employees, whose jobs are "conducted for the comfort, pleasure, contentment, and mental and physical improvement of personnel of the armed forces," § 2105(c), are not granted by Congress "the same levels of employment protection as are other federal employees," *McAuliffe v. Rice*, 966 F.2d 979, 980 (5th Cir. 1992).

where . . . . Rather, it merely allows an employee to choose the statutory route in lieu of the negotiated grievance route when the former is otherwise available." *Perez*, 680 F.2d at 789. As NAFI employees, DeLeon and Williams had no route available to them other than the grievance process. *See id.* ("In general, such a 'negotiated grievance procedure' is to serve as the exclusive means for resolving grievances falling within its coverage." (citing 5 U.S.C. § 7121(a))). Thus there was no alternative "applicable appellate procedure" from which DeLeon and Williams could have sought judicial review under § 7121(f). *Cf. Bonner v. Dep't of Veterans Affairs Pittsburgh Healthcare Sys.*, 477 F.3d 1343, 1345–47 (Fed. Cir. 2007) (no jurisdiction under § 7121(f), second sentence, where title 38 personnel system did not provide for judicial review of Veterans Department's final decision); *Nieuwdorp v. Library of Cong.*, 872 F.2d 1000, 1002 (Fed. Cir. 1989) ("[O]ur interpretation of § 7121(f) may generally preclude judicial review of grievance decisions because 'other personnel systems' do not authorize judicial review of decisions rendered under the agency's 'appellate procedures, if any,' *see* section 7121(e)(1) . . . .").

Because § 7121(f) does not give this court jurisdiction to review an arbitrator's decision regarding the removal of a NAFI employee, we must dismiss the petition.

Accordingly,

IT IS ORDERED THAT:

(1)  The petition is dismissed.

(2)  Each side shall bear its own costs.

FOR THE COURT

February 24, 2014                    /s/ Daniel E. O'Toole
     Date                          Daniel E. O'Toole
                        Clerk of Court