NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL FLYNN,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2020-1898

---

Petition for review of the Merit Systems Protection Board in No. SF-1221-19-0192-W-1.

---

Decided:  December 7, 2020

---

MICHAEL FLYNN, Alameda, CA, pro se.

GALINA I. FOMENKOVA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.

---

Before PROST, *Chief Judge*, MAYER and MOORE, *Circuit Judges*.

PER CURIAM.

Michael Flynn petitions for review of a Merit Systems Protection Board (MSPB) final decision denying his individual-right-of-action (IRA) appeal. *Flynn v. Dep't of Veterans Affs.,* No. SF-1221-19-0192-W-1, 2020 WL 1130116 (M.S.P.B. Mar. 6, 2020). We have jurisdiction under 28 U.S.C. § 1295(a)(9). For the following reasons, we *affirm.*

## BACKGROUND

Mr. Flynn was a registered nurse at the VA Wenatchee Community Based Outpatient Clinic in Spokane, Washington. On July 14, 2016, Mr. Flynn submitted a report claiming that an HR specialist had violated privacy rules while giving a presentation. He claimed the HR specialist had disclosed confidential information about prior disciplinary cases, including discussing one of Mr. Flynn's cases in detail. On September 15, 2016, Mr. Flynn was removed for "inappropriate conduct" relating to a confrontation with his supervisor, Karla Spangler. Believing his termination had been retaliatory, Mr. Flynn appealed to the MSPB.

In an initial decision, an administrative judge denied Mr. Flynn's claims. The AJ concluded that Mr. Flynn had established a prima facie case of retaliation, but the Department of Veterans Affairs proved by clear and convincing evidence that Mr. Flynn would have been terminated in the absence of his protected activity. Specifically, in light of his prior misconduct, Mr. Flynn would have been terminated for his angry, inappropriate response to a performance evaluation in the absence of his protected conduct. The AJ determined, therefore, that Mr. Flynn was not entitled to relief. After the AJ's decision became final, Mr. Flynn petitioned for judicial review.

## DISCUSSION

We "hold unlawful and set aside" an MSPB decision that is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without

procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Mr. Flynn claims the AJ (1) failed to follow the procedures set forth in 5 U.S.C. § 7513, (2) abused his discretion when enforcing MSPB rules, and (3) lacked substantial evidence for his finding that the VA would have removed Mr. Flynn even absent his protected disclosure. We do not agree.

First, Mr. Flynn was not entitled to the procedure he seeks, notice and an appeal under 5 U.S.C. § 7513. Mr. Flynn claims he was entitled to such procedure as a "preference eligible" employee under 5 U.S.C. § 7511(a)(1)(B). But 5 U.S.C. § 7511(b)(10) expressly exempts "registered nurses" from the procedures afforded under § 7513. And it is undisputed that Mr. Flynn was a registered nurse. Thus, he is not entitled to § 7513's procedures. *See, e.g.*, *Bonner v. Dep't Veterans Affs. Pittsburgh Healthcare Sys.*, 477 F.3d 1343, 1346–47 (Fed. Cir. 2007).

Second, the AJ did not abuse his discretion by admitting the VA's belated closing statement. *See* 5 C.F.R. § 1201.12 (providing MSPB discretion to waive rules). Mr. Flynn has not shown how the AJ's admission of the closing statement was harmful or more than a waiver of a minor procedural violation. *See Cobo v. FERC*, 29 M.S.P.R. 635, 637 (1986) ("[T]he Board . . . may waive strict enforcement of a procedural regulation when the violation is minor and the other party has not shown harm by the failure to follow the regulation in question.").

Third, substantial evidence supports the MSPB's finding that Mr. Flynn would have been removed in the absence of his protected activity. Mr. Flynn's reaction to his performance evaluation, for which he was dismissed, involved inappropriate and angry conduct. And as the AJ found, Mr. Flynn was previously suspended for yelling and cursing at a patient. Mr. Flynn does not dispute these facts

or contend that they do not support his removal. Instead, he impugns the AJ's weighing of evidence, characterizing testimony as "uncorroborated" and highlighting various pieces of evidence he contends contradict the AJ's finding. Pet'r's Informal Br. at 7–12. But "the evaluation of and weight to be given to the evidence in the record are judgment calls that rest primarily within the discretion of the Board." *Koenig v. Dep't of the Navy*, 315 F.3d 1378, 1381 (Fed. Cir. 2003) (cleaned up). We see no reversible error in the AJ's evaluation of the evidence.

CONCLUSION

We have considered Mr. Flynn's additional arguments and find them unpersuasive. For the foregoing reasons, we *affirm*.

**AFFIRMED**

COSTS

No costs.