NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KEVIN BAILEY HORNBERGER,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2025-1156

---

Petition for review of the Merit Systems Protection Board in No. DC-3443-24-0906-I-1.

---

Decided:  December 2, 2025

---

KEVIN BAILEY HORNBERGER, North East, MD, pro se.

CONSTANCE E. TRAVANTY, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by KATHERINE MICHELLE SMITH.

---

Before DYK, PROST, and REYNA, *Circuit Judges.*

PER CURIAM.

Kevin Bailey Hornberger petitions from a final decision of the Merit Systems Protection Board ("Board") dismissing his appeal of a Library of Congress ("LOC") decision for lack of jurisdiction. *Hornberger v. Libr. of Cong.*, No. DC-3443-24-0906-I-1, 2024 WL 4454328 (M.S.P.B. Oct. 4, 2024) (initial decision became final on November 8, 2024). For the reasons set forth below, we affirm.

## BACKGROUND

Mr. Hornberger worked as a Management Analyst with the licensing division of the LOC's Copyright Office. S.A. 48.[1] In February 2023, the Copyright Office terminated him from his position. The LOC sustained Mr. Hornberger's removal following its review of an advisory decision by the Federal Mediation and Conciliation Service. Mr. Hornberger appealed the LOC's decision to the Board.

In October 2024, the Board dismissed Mr. Hornberger's appeal for lack of jurisdiction. The Board explained that to file an appeal with the Board challenging an adverse action, an employee must generally be employed either in an Executive Branch agency or in the competitive service. The Board noted that LOC employees work in the Legislative Branch and do not hold positions within the competitive service. The Board thus concluded that it lacked jurisdiction over Mr. Hornberger's appeal.

Mr. Hornberger timely petitioned this court for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C.

---

[1] "S.A." refers to the supplemental appendix included with the government's informal brief.

§ 7703(c). The petitioner bears the burden of establishing reversible error in the Board's final decision. *Sistek v. Dep't of Veterans Affs.*, 955 F.3d 948, 953 (Fed. Cir. 2020). We review the Board's legal decisions de novo and its findings of fact for substantial evidence. *McIntosh v. Dep't of Def.*, 53 F.4th 630, 638 (Fed. Cir. 2022).

On petition to this court, Mr. Hornberger argues that the Board could have heard the merits of his case instead of dismissing for lack of jurisdiction.

This court has previously held that "[b]ecause the [LOC] is part of the Legislative Branch, its employees are not in the competitive service . . . and may not appeal adverse actions to the [Board]." *Gardner v. Libr. of Cong.*, 774 F.2d 1081, 1082 (Fed. Cir. 1985); *see also Nieuwdorp v. Libr. of Cong.*, 872 F.2d 1000, 1002 (Fed. Cir. 1989). Mr. Hornberger has not explained why this precedent would not apply here.[2] We therefore affirm the Board's dismissal of his appeal.

The Board also lacks authority to transfer Mr. Hornberger's appeal to another forum. *See* 5 U.S.C. § 1204.

## CONCLUSION

We have considered Mr. Hornberger's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

## **AFFIRMED**

### COSTS

No costs.

---

[2]     While Mr. Hornberger cites to *Strausbaugh v. Government Printing Office*, 111 M.S.P.R. 305 (2009), for the proposition that employees of the Government Printing Office, another legislative agency, may appeal an adverse action to the Board, whatever the meaning of that decision, it is not binding on our court.