NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3235

DONATO B. CABANAYAN,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Donato B. Cabanayan, of San Alejandro, Philippines, pro se.

Sara B. Rearden, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, and Keisha Dawn Bell, Deputy General Counsel.

Appealed from:  Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2009-3235

DONATO B. CABANAYAN,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit System Protection Board in SF0831090027-I-1.

_____

DECIDED: December 10, 2009

_____

Before MICHEL, <u>Chief Judge</u>, GAJARSA, <u>Circuit Judge</u>, and KENDALL, <u>District Judge</u>.[*]

PER CURIAM.

Donato B. Cabanayan ("Cabanayan") appeals the decision of the Merit Systems Protection Board ("Board"), which dismissed his appeal as untimely filed. <u>Cabanayan v. Office of Personnel Management</u>, No. SF-0831-09-0027-1-1 (M.S.P.B. Jan. 12, 2009). Because we find no basis to overturn the Board's decision, we <u>affirm</u>.

BACKGROUND

Cabanayan alleges he was a federal employee employed as a driver by "Trans-Ocean Airlines" on Wake Island for twelve years, ending on February 13, 1978. On December 13, 1990, the Office of Personnel Management (OPM) issued a

_____

[*] The Honorable Virginia M. Kendall, District Judge of the Northern District of Illinois, sitting by designation.

reconsideration decision affirming its initial decision that Cabanayan was not entitled to an annuity. In a letter to Cabanayan, OPM wrote that it found no record that Cabanayan had service performed subject to CSR coverage and concluded that he was not entitled to annuity benefits. OPM informed Cabanayan that this was its "final decision." OPM advised Cabanayan of his right to appeal to the Board, and specifically "note[d] the twenty-five (25) day limit for filing an appeal."

Cabanayan wrote to OPM again on June 16, 2008, stating that he desired to apply for retirement and disability benefits from the "U.S. Government Airforce in Wake Island, territory of U.S.A. beginning August 12, 1956 up to February 1978." The letter did not mention his prior application for retirement benefits.

Before OPM responded to the June 16, 2008 letter, Cabanayan appealed to the Board. Cabanayan was advised that his appeal contained no evidence that OPM had issued a reconsideration decision and the Board might not have jurisdiction over his appeal because such jurisdiction only existed after OPM issued a final decision. The appellant was asked to respond with documentation showing that OPM had issued a final decision.

Prior to Cabanayan's deadline to respond, OPM submitted its file containing the December 3, 1990 reconsideration decision and stated that Cabanayan's appeal was untimely because it was not filed within 30 days of OPM's reconsideration decision.[1] The agency stated that since its reconsideration decision was issued on December 13,

---

[1] As pointed out by the Board, after the reconsideration decision was issued in December 1990, OPM's regulations changed. An appellant previously received 25 days after the issuance of the reconsideration decision to appeal to the Board, but now receives 30 days. OPM's reference to 30 days instead of 25 days does not affect the outcome of this appeal.

1990 and Cabanayan's appeal was filed on October 14, 2008, Cabanayan's appeal was untimely filed and should be dismissed.

On November 18, 2008, the administrative judge issued an Order on Timeliness in which he noted that Cabanayan's appeal was late. The judge stated that to show good cause for the untimely filing of the appeal, Cabanayan must show that he acted reasonably and with due diligence under the circumstances of his case. The judge also set out the factors the Board would consider. Cabanayan was provided with 30 days from the date of the order to respond, but Cabanayan did not respond.

On January 12, 2009, the administrative judge issued an initial decision dismissing Cabanayan's appeal as untimely filed because it was past the 25-day time limit for filing an appeal. The administrative judge noted that Cabanayan failed to provide any explanation for filing his appeal over 17 years late and determined that Cabanayan failed to show good cause.

Cabanayan petitioned the Board to review the initial decision. The Board denied Cabanayan's petition for review, finding that there was no new, previously unavailable evidence and that the administrative judge made no error in law or regulation that affected the outcome. Cabanayan subsequently appealed to this court on August 21, 2009.

## DISCUSSION

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). This court has recognized that "an

administrative agency's interpretation of its own regulations is entitled to great deference." Krizman v. Merit Sys. Prot. Bd., 77 F.3d 434, 439 (Fed. Cir. 1996). A waiver of a regulatory time limit based on "a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). The appellant bears the burden of proof concerning the timeliness of a required filing. C.F.R. § 1201.56(a)(2)(ii).

The administrative judge considered the evidence, applied the necessary factors, and determined that Cabanayan failed to meet his burden to show good cause for the untimely filing of his appeal. The Board's decision to dismiss the appeal as untimely filed was in accordance with the law, not an abuse of discretion, and was supported by substantial evidence.

Cabanayan submitted an application for retirement benefits which was previously denied by OPM in a reconsideration decision dated December 13, 1990. Based on the Board's regulations in 1990, an appeal of an agency reconsideration decision must be filed within 25 days of the issuance of the decision. 5 C.F.R. § 1201.22(b) (1990). Thus, Cabanayan needed to file an appeal by January 7, 1991.

Cabanayan instead filed his appeal to the Board on October 2, 2008, some 17 years after the OPM issued its reconsideration decision. The administrative judge noted that Cabanayan's appeal appeared to be untimely filed in a November 8, 2008 order on timeliness. The order explained to Cabanayan the factors the Board would look at to determine whether he acted reasonably. It further provided Cabanayan with a chance to show good cause for late filing. Cabanayan did not respond.

To determine whether the appellant met his burden for showing good cause, the Board considers the factors set forth in Alonzo v. Dep't of the Air Force, 4 M.S.P.R. 180 (1980). See also Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1582 (Fed. Cir. 1994) (recognizing the efficacy of the Alonzo factors and applying them to the administrative judge's denial of the good cause waiver). These factors include: (1) the length of the delay; (2) whether the appellant was notified of the time limit or was otherwise aware of it; (3) the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; (4) the degree to which negligence by the appellant has been shown to be present or absent; (5) circumstances which show that any neglect involved is excusable neglect; (6) a showing of unavoidable casualty or misfortune; and (7) the extent and nature of the prejudice to the agency which would result from waiver of the time limit. Alonzo, 4 M.S.P.R. at 184.

Applying the factors to this appeal, a 17-year delay in filing an appeal is a very substantial delay. Although Cabanayan argues before this court that he "never knew to file before," the OPM's December 13, 1990 reconsideration decision specifically informed Cabanayan that he had 25 days to file his appeal with the Board. Cabanayan did not provide any evidence or argument to show the existence of circumstances beyond his control that prevented him from filing his appeal in a timely manner. Nor did Cabanayan provide any reason for why his neglect was excusable. Cabanayan also failed to provide any evidence that he had any misfortune that prevented the timely filing of his appeal. Cabanayan simply failed to respond to the administrative judge's order on timeliness. As the Board has held, "Silence does not constitute a showing of good

cause for the delay." <u>Balagatas v. Office of Personnel Management</u>, 100 M.S.P.R. 187, 189 (2005).

The final factor, "prejudice to the agency," need not be considered because it is analyzed only after an appellant has shown good cause for his delay in filing the appeal. <u>See</u> <u>Bacashihua v. Merit Sys. Prot. Bd.</u>, 811 F.2d 1498, 1502 (Fed. Cir. 1987). Here, none of the other factors weigh in Cabanayan's favor and he has failed to meet his burden for showing good cause. Thus, the Board properly dismissed his appeal as untimely filed.

## CONCLUSION

For the reasons stated above, we <u>affirm</u> the Board's decision.

## COSTS

No costs.