NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**ASHLEY B. NEESE,**

*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**

*Respondent*

---

2021-2321

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-21-0420-I-1.

---

Decided: May 4, 2022

---

ROSANNA LOPEZ, Lopez & Wu, PLLC, Reston, VA, for petitioner.

ELIZABETH WARD FLETCHER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

---

Before PROST, REYNA, and TARANTO, *Circuit Judges.*

PER CURIAM.

Ashley Neese, an attorney represented by counsel throughout the present matter, filed an appeal at the Merit Systems Protection Board under 5 U.S.C. §§ 7512, 7701 challenging her removal from, and seeking reinstatement to, her position as a federal employee. Because the appeal appeared to have been filed after the applicable Board deadline for appealing agency actions, *see* 5 C.F.R. § 1201.22, the administrative judge assigned to the matter issued an order to show cause, by a specified date, why the appeal should not be dismissed because of untimeliness. SAppx. 45. Nine days after the response deadline had passed, with no response from Ms. Neese, the administrative judge issued an initial decision dismissing the removal appeal as untimely. *Neese v. Dep't of Justice*, No. DC-0752-21-0420-I-1, 2021 WL 2414242 (M.S.P.B. June 8, 2021).

Later that day, Ms. Neese filed a document entitled "Reopening an Appeal Dismissed Without Prejudice" in which she responded to the show cause order, Appx. 189–213, and briefly requested "that the Board consider her response, as she believes good cause has been shown" for missing the deadline for filing it, Appx. 190; Appx. 189. She did not attach declarations showing such good cause; in particular, she did not attach the September 2021 and February 2022 declarations she has included in her appendix in this court, which had not yet been written. Three days after making her "Reopening" filing, Ms. Neese informed the Board that she did not intend that document to constitute a petition for review of the initial decision, and the Board deleted it pursuant to her request. SAppx. 52. Ms. Neese did not ultimately petition the Board for review of the initial decision, which on July 13, 2021, became the final decision of the Board under 5 U.S.C. § 7703(b)(1). SAppx. 5.

Within the 60 days allowed by 5 U.S.C. § 7703(b)(1)(A), Ms. Neese appealed to this court. This court has jurisdiction under 28 U.S.C. § 1295(a)(9) to hear the appeal from

the Board's final decision dismissing Ms. Neese's removal appeal.

The sole argument Ms. Neese presents in her opening brief is that good cause existed for her failure to timely respond to the show cause order. But that is not a challenge to a ruling made by the Board, because Ms. Neese did not ask the Board (either the full Board or the administrative judge) to decide that she had good cause for missing the deadline for responding to the show-cause order, and no such decision was made by the Board (either the full Board or the administrative judge). With respect to this good-cause argument, there was no "agency action, finding[], or conclusion[]." 5 U.S.C. § 7703(c) (providing that, on appeal, we are to "hold unlawful" or "set aside" "any action, findings, or conclusions" that are arbitrary, capricious, an abuse of discretion, or contrary to law; were obtained in violation of procedural requirements; or are unsupported by substantial evidence). Reflecting the statutory scope of review, we routinely refuse requests to address issues not presented to or decided by the Board. *See, e.g.*, *Hansen v. Dep't of Homeland Security*, 911 F.3d 1362, 1369–70 (Fed. Cir. 2018); *Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998).

Moreover, even if we assume that we have the authority to consider the good-cause issue where no Board ruling on the issue was sought or obtained, we do not see a sufficient basis for this court to do so. Ms. Neese could have petitioned the full Board to remand the case back to the administrative judge to consider the belated response—a path that Ms. Neese initiated but then abandoned. SAppx. 52; *see, e.g.*, 5 C.F.R. § 1201.117(a)(4). The absence of a Board quorum at the time does not justify this court's undertaking itself to decide in the first instance a good-cause question that typically involves Board discretion and deferential review. *See generally Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc); *Bacashihua v. Merit Sys. Prot. Bd.*, 811 F.2d 1498, 1500

(Fed. Cir. 1987); *Rowe v. Merit Sys. Prot. Bd.*, 802 F.2d 434, 437 (Fed. Cir. 1986). And as the Board seems to acknowledge in its brief in this court, Appellee Br. 12 n.2, Ms. Neese may yet seek reopening of the final decision under 5 C.F.R. § 1201.118, and a denial of the reopening or a new final decision after reopening would be subject to judicial review. That path, if Ms. Neese chooses to follow it, is the appropriate one here, even though the standards for relief on reopening may be tougher than the standards on direct review by the Board.

As to the merits of the Board's dismissal of Ms. Neese's underlying appeal for untimeliness, we agree with the Board that Ms. Neese forfeited a challenge to the dismissal in the present appeal by not raising it in her opening brief. It is well-established law that arguments not raised in the opening brief are generally forfeited. *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006). Ms. Neese's opening brief discusses only whether there was good cause to permit her to file a late response to the show cause order. *See* Appellant Br. 1, 26–27. And though she stated that she was ultimately seeking reinstatement, *id.* at 25, she made no legal argument for why the administrative judge's dismissal of her appeal as untimely was incorrect, *see SmithKline Beecham*, 439 F.3d at 1320 ("[M]ere statements of disagreement . . . do not amount to a developed argument.").

We see no sufficient basis in this case for exercising discretion to reach the issue (addressed by Ms. Neese in her reply brief here). Ms. Neese could have included the issue in her opening brief. And the Board should not have been forced in its response brief to guess at what arguments she

might raise in reply.  We therefore affirm the Board's decision dismissing her appeal for untimeliness.[1]

The parties shall bear their own costs.

**AFFIRMED**

---

[1]     Ms. Neese's motion to permit a supplemental appendix and to supplement the record is granted.